## EVINS *vs.* THE STATE.

[CARRYING CONCEALED WEAPONS.]

**1.** *Pistol, what is not within the meaning of the statute prohibiting carrying of concealed weapons.*—A pistol that has no mainspring or other necessary parts of a lock, and can only be fired off by the use of a match, or in some other such way, is not a pistol, within the purview and meaning of the statute prohibiting the carrying of concealed weapons, and no person should be indicted and punished for carrying such a pistol.

APPEAL from the Circuit Court of Perry.
Tried before Hon. M. J. SAFFOLD.

The facts appear in the opinion.

MOORE & LOCKETT, for appellant.
JOHN W. A. SANFORD, Attorney-General, *contra.*

PECK, C. J.—The defendant below was indicted under section 3555 of the Revised Code, for carrying a pistol concealed about his person, against the peace and dignity of the State. All the evidence, and the charge of the court given to the jury, and the charges asked by the defendant and refused by the court, are set out in the bill of exceptions..

The evidence shows, that the pistol carried by the defendant as aforesaid was harmless as a weapon ; that it could not be fired off, as a pistol is usually fired off ; that it had no mainspring, or other necessary machinery of a lock ; that the hammer or cock was disconnected and loose, and that the nipple or tube was so flattened as not to be touched by the hammer when down, and it was doubtful whether it could be fired off by a cap on the tube, &c.

The court, on the evidence, charged the jury in substance, that the said pistol was a pistol within the meaning of the statute prohibiting the carrying of concealed weapons.

In this we think the court erred. We hold, that a pistol,

to be within the purview and meaning of the statute and the mischief and evil intended to be prevented, must have such a degree of perfectness, as that it may reasonably be carried and used as a weapon. It is not enough that it has a stock, and a barrel that may be loaded and fired off by a match or in some other such way.

This was clearly not the character and condition of this pistol. It was certainly worthless as a weapon, and no sensible person would have relied upon it as a weapon to attack an adversary, or to defend himself.

As this disposes of the case, we do not think it necessary to consider whether the charges asked by the defendant should or should not have been given. Let the judgment be reversed, and the cause be remanded for another trial.