### W. D. BLACKBURN v. THE STATE.

#### No. 329.    Decided January 19, 1910.

**Carrying Pistol—Charge of Court—Definition of Pistol.**

Where, upon trial for unlawfully carrying a pistol, the defendant claimed by his evidence that the so-called cylinder of the pistol was a wooden substitute therefor, it was reversible error to charge the jury that it was not necessary for the State to show that the pistol was in a shooting condition, and to refuse a requested charge that if the alleged pistol had a wooden cylinder, and could not be fired, to acquit the defendant.

Appeal from the County Court of Hamilton. Tried below before the Hon. J. W. Warren.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Eidson & Eidson,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Hamilton County on a charge of carrying arms in violation of law.

The evidence shows that he had in the town of Hamilton about the time charged what, at least from a casual observation, seemed to be a pistol. This he dropped in the street. He was on horseback. His attention being called to it, he dismounted and recovered the instrument and rode on. None of the witnesses for the State examined it or gave more than ordinary casual attention to it. Appellant claimed that it was not a pistol; that what was known as a cylinder was in fact a wooden substitute therefor painted a similar color to the other portion of the pistol, and that it would neither revolve nor could same be fired. His evidence under the case of Cook v. State, 11 Texas Crim. App., 19, and many other cases, clearly raised the issue that what was thought to be a pistol was not in fact such a weapon as under the law would come within the denunciation of the statute. He gives also in the record a reason why he had this particular weapon that lent some probability to his story, the details of which we deem unnecessary to set out.

On the trial the court gave the following charge: "In this connection I charge you that it would be no violation of law to carry a pistol without a cylinder, but it is not necessary for the State to show that the pistol was in a shooting condition." This charge was objected to, and it is urged that same was erroneous, and was in effect an instruction to convict the defendant. To cure this error appellant requested the following special charge: "The State having charged the defendant with carrying on and about his person a pistol, must show by the evidence beyond a reasonable doubt that the defendant on or about the date alleged carried on or about his person a pistol, and in this connection I charge you that if the pistol or instrument had by the defendant, if any, had a wooden cylinder in it, but that said instrument could not be fired or discharged and could not be used for the purposes which pistols are manufactured and sold for, or in case you have a reasonable doubt hereof, you will find the defendant not guilty."

However improbable appellant's story may be, his testimony directly raised the issue attempted to be covered by the court in his general charge, in reference to which this special instruction was requested. We think the limitation in the court's charge in the connection in which same appears was improper, and, that, in substance at least, the special charge should have been given.

The other questions raised in the case are not such as will likely arise on another trial, and need not be discussed.

For the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*