## CARL MITCHELL *v.* STATE.

[55 South. 354.]

1. CARRYING CONCEALED WEAPONS. *Pistol. Instructions.*

In a prosecution for carrying a concealed weapon, it was not error for the court to grant an instruction for the state, "that if the defendant carried concealed in whole, or in part, a pistol which was defective, in that it did not have a mainspring or a hammer, the jury should find the defendant guilty as charged.

2. SAME.

An object once a pistol does not cease to be one by becoming temporarily inefficient.

APPEAL from the circuit court of Covington county. HON. W. H. HUGHES, Judge.

Carl Mitchell was convicted of carrying concealed weapons and appeals.

The facts are stated in the opinion of the court.

*W. L. Cranford,* for appellant.

The evidence shows conclusively that the pistol carried by appellant had no hammer nor mainspring, both of which are necessary to make it a deadly weapon. The carrying a piece or a part of a pistol, concealed in whole or in part, is not an indictable offense.

Appellant contends that the pistol had lost so many of its vital parts, that it was no longer a firearm and was absolutely incapable of such. A pistol to be within the meaning of the statute and the danger sought to be prevented, must have all or so many of its vital and necessary parts that it may be carried and used as a deadly weapon.

This pistol was wholly incapable of being fired off, hence it follows, it can not be a pistol or deadly weapon as contemplated by statute.

This phase of the case was asked by the defendant in the court below to be given to the jury by special instructions, that if these facts were believed by the jury to be true, defendant should be acquitted, and the court erred in not giving these instructions. See *Underwood* v. *State*, 29 So. Rep., 777; *Evins* v. *State*, 46 Ala. 88-9; *Cook* v. *State*, Tex. App. Reports, vol. 11, p. 19.

*Jas. R. McDowell*, assistant attorney-general, for appellee.

Our statute, section 1103, Code of 1906, makes it a midemeanor to carry a pistol concealed in whole or in part. This has no reference to whether the pistol is a deadly weapon as carried, or whether it could be used in its present condition. Our court has held in the case of the *State* v. *Bollis*, 73 Miss. 57, that a pistol need not be loaded.

It is sought in the instant case, to instruct the jury that if the pistol in question had no mainspring, or lacked any other vital part, it was not a deadly weapon, as contemplated by the statute, as it was incapable of inflicting death.

The court will hold, in my opinion, that a pistol is a deadly weapon, *per se*, and it is not necessary, like it would be, were it a pocket knife, to show the manner of its use, or purpose of its carrying, but simply to show that it was a pistol. A pistol without a trigger is just as dangerous, as an unloaded pistol. Our statute is intended to prevent the carrying of a concealed pistol, whether a deadly wapon or not. It is made a deadly weapon by the statute. One could commit robbery, or any other crime, by the use of a pistol which was minus a mainspring. If such trivial defense were allowed to be interposed, every defendant on trial would take the stand in his own behalf and testify that it was defective. He could load it and have it ready for action, and then testify that the trigger would not work and escape scott

free. Our statute is made to accomplish a purpose, and it is hard enough to enforce without imposing the additional burden of showing that it was ready for action.

In contradiction to the case cited by appellant, I invite the court to read the following case. "It is no excuse for one to carry a concealed pistol, that the mainspring of the lock is broken." *Williams* v. *State,* 61 Ga. 417. The Alabama court hald under a statute similar to ours that a pistol so battered up that it cannot be discharged by the trigger was one within the meaning of the statute. *Howard* v. *State,* 58 Ala. 508. See also *Hutchinson* v. *State,* 62 Ala. 3; *Redus* v. *State,* 82 Ala. 53.

Our court should follow the evident purpose of the statute, and hold that a defect in the pistol is no defense for carrying it. The defendant had no business with this pistol. The greatest evil in our state is the unlawful carrying of concealed weapons, and when the legislature, in its wisdom, tries to stamp it out, the courts should unhesitatingly give their assistance. This court has already set the example in the Hollis case by holding that a pistol need not be loaded. See also *Gambin* v. *State,* 45 Miss. 658; *State* v. *Dugan,* 6 Blackf. (Ind.) 31.

McLain, C.

Appellant was inicted, tried, convicted, and sentenced in the circuit court of Covington county for carrying a pistol concealed. From this judgment, he appeals to this court.

In the trial court, the evidence shows that appellant carried a pistol concealed, and that it had no hammer or mainspring. Appellant contended that it was not a pistol within the meaning of the statute. The state, on the other hand, contended that it was. This was the chief issue on the trial. Upon the trial the defendant requested the court to instruct the jury that, if the pistol

alleged to have been carried by defendant had no hammer or mainspring, then the same was not a pistol. This was refused by the court. The state requested of the court that if the defendant carried concealed, in whole or in part, a pistol which was defective, in that it did not have a mainspring or a hammer, the jury should find the defendant guilty as charged. This was given.

In the refusing of the one and the giving of the other the court was correct, and the ruling was clearly within the meaning and policy of our statute. Evidently to hold otherwise will go far towards nullifying the beneficent purpose of the law. In the condition in which this pistol was proved to be, by the holding of some authorities, it would not come within the purview and meaning of our staute. One of the leading cases holding this view is the case of *Evins* v. *State,* 46 Ala. 88. The weight of authority is clearly against this view, and we decline to follow it. Bishop on Statutory Crimes, section 791, says: "By what appears to be the better opinion, if it has no mainspring, or only a broken one, and if it cannot be discharged in the ordinary way, yet can be by a match, it is still a pistol within the statute, though the contrary was once held."

In passing upon a statute similar to ours, the supreme court of Georgia in a well-considered case said: "What is the meaning of 'any pistol?' This is the sole question. 'Pistol' is a word in general use by the whole population, and is consequently to be understood in its ordinary signification. An object, once a pistol, does not cease to be one by becoming temporarily inefficient. Its order and condition may vary from time to time, without changing its essential nature or character. Its machinery may be more or less perfect. At one time it may be loaded; at another, empty. It may be capped or uncapped; it may be easy to discharge or difficult to discharge, or not capable, for the time, of being discharged at all; still, while it retains the general characteristics

and appearance of a pistol, it is a pistol, and so in common speech would it be denominated. The mainspring being disabled, so as to render a discharge of the weapon impossible in the ordinary mode of using firearms, is no excuse or justification; concealment in carrying being interdicted by the statute, whether the machinery of the lock be sound or unsound." *Williams* v. *State of Georgia,* 61 Ga. 418, 34 Am. Rep. 102.

We think the case should be affirmed.    *Affirmed.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the case is affirmed.