Roy Steele v. The State.

No. 3084.   Decided April 8, 1914.

Rehearing denied May 6, 1914.

Carrying Pistol—Character of Pistol—Charge of Court.

Upon trial of unlawfully carrying a pistol, there was no error in refusing a requested charge that if the jury believed that the pistol was not in shooting condition or had a reasonable doubt thereof to acquit defendant, under the evidence in this case.

Appeal from the County Court of Nacogdoches.   Tried below before the Hon. Geo. F. Ingraham.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days confinement in the county jail.

The opinion states the case.

J. F. Perritte, for appellant.—Cited Ferris v. State, 64 Texas Crim. Rep., 524, 144 S. W. Rep., 249; Rasberry v. State, 72 Texas Crim. Rep., 13, 160 S. W. Rep., 682; White v. State, 66 S. W. Rep., 773; Jones v. State, 61 Texas Crim. Rep., 656.

C. E. Lane, Assistant Attorney General, for the State.—Cited Ratigan v. State, 33 Texas Crim. Rep., 301; Underwood v. State, 29 S. W. Rep., 777; Fitzgerald v. State, 52 Texas Crim. Rep., 265; West v. State, 21 Texas Crim. Rep., 427.

PRENDERGAST, Presiding Judge.—Appellant was convicted for carrying a pistol.  Appellant asked the court to charge that if the jury believed from the evidence beyond a reasonable doubt that the appellant did have a pistol, as charged, but "you further believe that the pistol was not in shooting condition, or, if you have a reasonable doubt" of it find him not guilty.  He also complains of this paragraph of the court's charge: "If the defendant carried a pistol, it would not make any difference whether the pistol was an old one or a new one, or was loaded or unloaded.  The law merely says that it is unlawful to carry a pistol and makes no difference whether it was a good pistol or an inferior one, but it must be a pistol."  The court qualified appellant's bill complaining of this charge by stating: "That the witness, Andrew Arriola, testified in speaking of the gun: 'I felt something in his pocket and pulled it out and it was a pistol, was a common looking blue pistol. It all seemed to be there and as far as I know it was a whole pistol.  It had hammer and all.'  Tom Collins testified: 'Roy Steele and Cal Eddings' boy caught up with us,—directly Andrew came up to the wagon and said: "Look here what I got," and showed us a pistol.  It was loaded and the cartridges looked like they had been snapped on.  It was loaded next morning when I looked at it.  It was a pistol and was an old looking pistol and had a hammer and trigger.'  The defendant testified: 'I brought it to town with me and hid it in my slicker, and

left it in my slicker until I started out and then took it out and put it in my pocket.' The attempts to shoot the pistol were on the next morning after the pistol had been thrown in the wagon the night before."

We think the court properly refused to give appellant's said special charge and there was no error in giving the paragraph of his charge quoted and excepted to above. We do not regard Blackburn v. State, 58 Crim. Rep., 48, 124 S. W. Rep., 666, cited and relied on by appellant, as in point. The statute is "if any person shall carry on or about his person *any* pistol, he shall be punished by fine," etc. We think there is no error shown in the judgment of the court below and it will be affirmed.

*Affirmed.*

[Rehearing denied May 6, 1914.—Reporter.]