## LEE MILES v. THE STATE.

### No. 3727. Decided October 20, 1915.

**1.—Carrying Pistol—Requested Charge—Defective Pistol.**

Where, upon trial of unlawfully carrying a pistol, the defendant prepared in writing and presented to the trial judge a requested charge, submitting to the jury in effect, that if they believed from the evidence the pistol was so defective, in the particular claimed, that it could not be fired or discharged, etc., to acquit him, and there was evidence to support this charge, a refusal of same was reversible error.

**2.—Same—Rule Stated—Pistol Out of Repair.**

It is not an offense to carry a pistol, if it is so out of repair that it can not be fired, and this would include the fact that it was so defectively manufactured that it could not be fired at all. Following Cook v. State, 11 Texas Crim. App., 19, and other cases. Distinguishing Steele v. State, 73 Texas Crim. Rep., 352.

Appeal from the County Court of Ellis. Tried below before the Hon. W. M. Tidwell.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*J. C. Lumpkins,* for appellant.—On question of court's failure to submit defendant's requested charge: Fitzgerald v. State, 106 S. W. Rep., 365; Smith v. State, 96 S. W. Rep., 1086; White v. State, 60 S. W. Rep., 773, and cases cited in opinion.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of carrying a pistol and fined $100.

The testimony showed he carried, at the time alleged, what all the witnesses called a pistol, and so did he. He and other witnesses further testified that it would not shoot and could not be made to shoot, and that they had both before, and about the time he was charged with carrying it, and soon afterwards, tried time and again to shoot it, but it would not shoot and could not be made to shoot. That the plunger was so short it would not strike the cap and explode the cartridge.

Appellant, in due time, prepared in writing and presented to the judge special charges, submitting to the jury, in effect, that if they believed from the evidence the pistol was so defective in the particular claimed that it could not be fired or discharged, and could not be used for the purpose for which pistols are manufactured and sold, to acquit him. The judge refused all his special charges submitting this issue, and expressly refused to submit that issue at all. Appellant timely

excepted to the court's charge and to the court's refusal to give any of his said charges, by proper bills.

It may be the judge did not believe appellant and his witnesses on this point, as the pistol was itself introduced in evidence, and it may be the jury also might not have believed them. However, we believe it was necessary for the court by proper charge to submit the question to the jury for them to decide it. He could not do so himself whatever his belief as to the facts.

Possibly this exact question has not been before decided by this court, but the decisions are that it is not an offense to carry a pistol if it is so out of repair that it can not be fired at all, and this, it seems, would include the fact, if so, that it was so defectively manufactured that it could not be fired at all. (Cook v. State, 11 Texas Crim. App.; 19; Blackburn v. State, 58 Texas Crim. Rep., 48; Farris v. State, 64 Texas Crim. Rep., 530; other cases are to the same effect.) It was not held nor intended to be held otherwise in Steele v. State, 73 Texas Crim. Rep., 352.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*