JOHN REPINSKI, d. b., *vs*. STATE OF DELAWARE, p. b.

1. CRIMINAL LAW—EXCEPTIONS—SUFFICIENCY.

On certiorari to review a conviction, exceptions that the judgment was contrary to law and that defendant was not guilty of any offense of which the court had jurisdiction, etc., are too general to be considered.

2. CRIMINAL LAW— JURISDICTION—MUNICIPAL COURT.

*Rev. Code* 1915, §§ 2116, 2121, creating the Municipal Court of Wilmington, making it the duty of the Governor to appoint as judge thereof the city judge, and giving such court jurisidction of all criminal offenses enumerated in *Const. Art.* 4, § 30, committed within the city, as well as offenses against the city laws, give the court concurrent jurisdiction with that of the General Sessions, unless accused shall demand a jury trial of a prosecution under *Section* 3035 for his failure to support an illegitimate child. On complaint being made the court issued process for arrest of accused. Information was filed that he failed to support his illegitimate child, in destitute circumstances.

Accused pleaded not guilty, and a judgment of conviction was signed by the judge as "city judge". *Held* that, as the city judge is the judge of the Municipal Court, the judgment must be taken as the order of the Municipal Court.

(*November* 19, 1915.)

Judges BOYCE, CONRAD and RICE sitting.

*J. Frank Ball* for the accused.

*Armon D. Chaytor, Jr.,* Deputy Attorney General, for the state.

Superior Court, New Castle County, November Term, 1915.

CERTIORARI to "The Municipal Court for the City of Wilmington", No. 25, March Term, 1914.

Certiorari by John Repinski, commanding "the municipal court for the City of Wilmington" wherein he was charged with and adjudged guilty of nonsupport of his illegitimate child, to send up the record and proceedings against him.

Upon the record being sent up, counsel for the accused filed the following exceptions thereto:

*First.* For that the record discloses that the judgment rendered in said cause was contrary to law.

*Second.* For that the defendant was not guilty of any offense of which the Municipal Court for the City of Wilmington has jurisdiction.

*Third.* For that the judgment rendered was an incomplete judgment, improper and not according to law.

*Fourth.* For that the city judge sitting as judge of said court did not have jurisdiction to hear and finally determine the case.

BOYCE, J. [1] The exceptions are too general. Each exception should state the particular error relied on.

· *Mr. Chaytor:*—I consent that the exceptions relied on be pointed out from the record, and heard.

The important exception was that the order made by the court below, adjudging the accused guilty, etc., was made by the "city judge" and not by the judge of said Municipal Court.

The record discloses that all the proceedings below were made on regular forms of and had in "the Municipal Court for the City of Wilmington".

The said court is an inferior court established by the General Assembly under constitutional authority, and the "city judge" of said court is charged with duties dual in character; that is, with jurisdiction of all those criminal matters and offenses enumerated in the thirtieth section of the fourth article of the Constitution, committed within the City of Wilmington, etc., and also of all offenses against any of the laws, ordinances, regulations or constitutions of said city, etc. *Section* 2121, *Revised Code* of 1915.

By *Section* 2116, *Revised Code* of 1915, the said court was established, and it is made the duty of the Governor to appoint and commission a "city judge" to hold and keep said court, which is given original and concurrent jurisdiction with the Court of General Sessions, unless the accused shall demand a trial by jury, in cases of any parent who shall, without lawful excuse, desert, or willfully neglect, or refuse to provide for the support and maintenance of his or her legitimate or illegitimate child or children, under the age of sixteen, in destitute or necessitous circumstances. *Section* 3035, *Revised Code* of 1915.

On complaint being made, the said court issued process for the arrest of the accused, which was executed. Information was filed, charging that the accused, in, etc., on, etc., "did unlawfully without just cause, willfully neglect to provide for the support and maintenance of his illegitimate child under sixteen years of age, in destitute and necessitous circumstances."

The accused when arraigned did not demand a trial by jury, but pleaded not guilty, and submitted to the jurisdiction of the court. "After hearing all the evidence for the state and the accused," in said court, "the Hon. Philip Q. Churchman, 'City Judge,' adjudged the defendant guilty," etc.

BOYCE, J., [2] delivering the opinion of the court:

Under the act creating the Municipal Court for the City of Wilmington the "city judge" is judge of that court, and the

order made by the judge in this case, adjudging the accused guilty, etc., must be taken to be the order of said court.

The exceptions are overruled, and the judgment below is affirmed.