EARL SMITH v. THE STATE.

No. 6245.    Decided June 22. 1921.

1.—Carrying Pistol—Evidence—Rebuttal—Other Transactions.

Where defendant claimed that the pistol was old and without a cylinder, and the evidence showed that he carried the same on Saturday and the Sunday following, the court electing to try him for the Sunday transaction, there was no error in admitting testimony that he drew the pistol on the Saturday preceding and threatened to use it, as supporting the State's testimony that defendant had the same pistol on Sunday, etc.

2.—Same—Requested Charge—Theory of Defense.

Where defendant was tried for unlawfully carrying a pistol, and contended that said pistol was old and without a cylinder, and supported this contention by evidence, the court should have submitted a requested charge that unless the jury believed beyond a reasonable doubt that said pistol had a cylinder to acquit defendant, and the same was reversible error; especially where the main charge controverted this theory, in a measure. Following Miles v. State, 77 Texas Crim. Rep., 597, and other cases.

2a.—Same—Charge of Court—Character of Pistol.

The charge of the court that it was unlawful to carry a pistol whether all of its parts were together, etc., was improper under the facts of the instant case.

3.—Same—Charge of Court—Weight of Evidence.

Where, upon trial of unlawfully carrying a pistol, the evidence showed that defendant carried same on two different days, and the State elected to try upon a certain day, the charge should have specifically confined itself to this transaction.

4.—Same—Evidence— Moral Turpitude.

Selling intoxicating liquor is a felony, and testimony as to this fact was admissible for the purpose of affecting the credibility of a witness and should be limited to that purpose.

5.—Same—Argument of Counsel—Practice on Appeal.

. Where the judgment is reversed and the cause is remanded for other causes, the complaint of the argument of the State's attorney need not be considered.

6.—Same—Sufficiency of the Evidence.

The fact that defendant was carrying a pistol is sufficiently established by the evidence, but the judgment must be reversed and the cause remanded for failure to give the requested charge of defendant.

Appeal from the County Court of Navarro. Tried below before the Honorable H. E. Traylor.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $150.

The opinion states the case.

*Callicut & Johnson,* for appellant.—On question of requested charge: Cited Capshaw v. State, 166 S. W. Rep., 737.

*R. H. Hamilton,* Assistant Attorney General, for the State.—On question of requested charge: Pryor v. State, 40 Texas Crim. Rep., 643; Sullivan v. State, 31 id., 486.

LATTIMORE, JUDGE.—Appellant was convicted in the county court of Navarro County of unlawfully carrying a pistol, and his punishment fixed at a fine of $150.

The State proved against appellant two pistol carryings, one on Saturday and the other on the Sunday following, electing to rely for conviction upon the Sunday transaction. It appears from the record that on Saturday there was a difficulty between State witness Castles and appellant, in which the latter drew a pistol on Castles and abused him and threatened to kill him with said pistol. On Sunday, the next day, appellant went to the restaurant where Castles worked, ordered a meal and, according to the testimony, took a pistol out of his bosom and laid it on a near by stool, while he was eating. The State was allowed to go pretty fully into the transaction of Saturday, and we think properly so. The theory of the defense, supported by evidence, was that appellant had an old pistol without a cylinder, and that this was what he had on his person on the Sunday in question. As rebutting this theory, and as strengthening that of the State that he was carrying a whole pistol on Sunday, we think the fact that he had a pistol on Saturday and drew same and threatened to use it, would be provable as supporting the State witness Castles, who said that appellant had the same pistol on Sunday that he had on Saturday, and also as tending to support the proposition that appellant had a pistol such as was testified to by all the witnesses, and that it was all there. The testimony as to his difficulty with Castles and his threats toward the latter on Saturday, would further strengthen the State's theory that the pistol was carried to the restaurant where Castles worked on Sunday, partly at least because of the presence of Castles as said place.

The accused in a criminal case is entitled to have his theory presented pertinently, plainly and affirmatively. Appellant's theory in the instant case was that the pistol in question had no cylinder. He asked special charges presenting in various ways the direct question that he must be acquitted unless the jury believed beyond a reasonable doubt said pistol had a cylinder. This theory should have been affirmatively presented. Cook v. State, 11 Texas Crim. App., 19; Miles v. State, 77

Texas Crim. Rep., 597, 179 S. W. Rep., 567; White v. State, 66 S. W. Rep., 773. The trial court charged the jury, among other things, as follows:

"The carrying of a part of a pistol that is not capable of being used for shooting is not a violation of law, but it is a violation of law to carry a pistol, whether it may be a new one or an old one, a good one or a bad one, or whether all of its parts are together at the time."

This charge was excepted to. We have grave doubts as to whether any part of said charge wherein it states that it makes no difference whether the pistol in question be an old or a new one, a good or a bad one, should have been given. Part of this language was used in Steele's case, 73 Texas Crim. Rep., 352, but it was stated by this court in Miles case, *supra*, that the language used in the Steele case had been misunderstood and misinterpreted. We are of opinion that the last clause of said charge under discussion, was not called for by the facts of this case and was liable to mislead the jury. There was no issue as to appellant's possession of different parts of the pistol, disconnected and separate from each other. The State's testimony showed his possession of a whole pistol,—that of the defense, his possession of a pistol minus a cylinder. The charge that it was unlawful to carry a pistol whether all of its parts were together or not, without proper facts, might lead the jury to conclude that though some part of said pistol was not with that exhibited by the accused, such carrying might be unlawful.

The trial court gave a charge limiting the jury's finding to the Sunday transaction. The language of said charge was excepted to. Same stated as follows: "You cannot find the defendant guilty of unlawfully carrying a pistol on Saturday evening even though you may believe he is guilty of unlawfully carrying a pistol on Saturday evening." It is insisted that the statement, "even though you may believe he is guilty of unlawfully carrying a pistol on Saturday evening," was on the weight of the evidence and an intimation that the trial court believed the accused guilty of carrying the pistol on Saturday. The matter is not free from doubt. If the State elects upon another trial to prosecute for the Sunday transaction, the jury should be told, as was done in the unquoted part of the last paragraph of the charge, that the State so elected; and further, that unless they believed beyond a reasonable doubt that appellant did unlawfully, as herein defined, carry said pistol on Sunday, the — day of ———, they should find him not guilty.

No error appears in asking appellant's witnesses if they were under indictment for selling intoxicating liquor. Same is a felony, and such proof was admissible for the purpose of affecting the credibility of said witnesses, and should be limited to that purpose upon another trial.

The complaint of the argument of the county attorney will not now be discussed as same will not likely occur again.

We are not in accord with appellant's contention that the evidence did not support the finding of the jury. Three State witnesses testified

that appellant took the pistol in question from his bosom, in a public restaurant in the City of Corsicana, and placed same on a stool while eating a meal. Two of said witnesses testified that they did not notice whether said pistol had a cylinder or not. The absence of a cylinder would appear such a noticeable fact that the jury may not have left inclined to give such evidence the weight attributed thereto by appellant.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*