PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AUGUSTO B. PADILLA, Defendant and Appellant.

No. 5117. Argued June 9, 1933.—Decided June 20, 1933.

*R. Rivera Zayas* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

A pistol was taken from the appellant herein, which he had in his hands while engaged in a fight with other persons. This constitutes a sufficient carrying of a weapon without the necessity of proving that he was also carrying it previous to that moment.

Said pistol had no cartridges nor the magazine containing them: it was unloaded. For this reason the appellant maintains that it was not a weapon prohibited by law, since it could not be used as a pistol. Therefore, the question for

decision is whether a person who carries a pistol or revolver which is unloaded commits the offense of carrying a prohibited weapon.

Some courts in the United States have held that an unloaded pistol, or one with a disabled mainspring or other necessary part, is unfit to be used as a pistol, and is no longer a weapon within the purview of the law; but the general rule is to the contrary. In the case of *Mitchell* v. *State of Mississippi*, 55 So. 354, 34 L.R.A. (N. S.) 1174, the court said:

"Appellant was indicted, tried, convicted, and sentenced in the circuit court of Covington county for carrying a pistol concealed. From this judgment, he appeals to this court.

"In the trial court, the evidence shows that appellant carried a pistol concealed, and that it had no hammer or mainspring. Appellant contended that it was not a pistol within the meaning of the statute. The state, on the other hand, contended that it was. This was the chief issue on the trial. Upon the trial the defendant requested the court to instruct the jury that, if the pistol alleged to have been carried by defendant had no hammer or mainspring, then the same was not a pistol. This was refused by the court. The state requested of the court that if the defendant carried concealed, in whole or in part, a pistol which was defective, in that it did not have a mainspring or a hammer, the jury should find the defendant guilty as charged. This was given.

"In the refusing of the one, and the giving of the other, the court was correct, and the ruling was clearly within the meaning and policy of our statute. Evidently, to hold otherwise will go far towards nullifying the beneficent purpose of the law. In the condition in which this pistol was proved to be, by the holding of some authorities, it would not come within the purview and meaning of our statute. One of the leading cases holding this view is the case of *Evins* v. *State*, 46 Ala. 88. The weight of authority is clearly against this view, and we decline to follow it. Bishop, Statutory Crimes, par. 791, says: 'By what appears to be the better opinion, if it has no mainspring, or only a broken one, and if it cannot be discharged in the ordinary way, yet can be by a match, it is still a pistol within the statute, though the contrary was once held.'

"In passing upon a statute similar to ours, the supreme court of Georgia in a well-considered case said: 'What is the meaning of "any pistol?" This is the sole question . . . "Pistol" is a word in general use by the whole population, and is consequently to be understood in its ordinary signification. . . . An object once a pistol does not cease to be one by becoming temporarily inefficient. Its order and condition may vary from time to time, without changing its essential nature or character. Its machinery may be more or less perfect; at one time it may be loaded; at another, empty. It may be capped or uncapped; it may be easy to discharge, or difficult to discharge, or not capable, for the time, of being discharged at all; still, while it retains the general characteristics and appearance of a pistol, it is a pistol, and so in common speech would it be denominated. . . . The mainspring being disabled, so as to render a discharge of the weapon impossible in the ordinary mode of using firearms, is no excuse or justification; concealment in carrying being interdicted by the statute, whether the machinery of the lock be sound or unsound.' *Williams* v. *State,* 61 Ga. 418, 34 Am. Rep. 102."

On our part, we have heretofore declared that a revolver or pistol does not cease to be one because it is unloaded, or because it lacks some parts, so long as it has the general characteristics of a revolver and its appearance as such. *People* v. *Alonso,* 35 P.R.R. 435; *People* v. *Cortés,* 37 P.R.R. 34. In the case of *People* v. *Pagán,* decided last May, *ante,* p. 105, we held that one is not guilty of the offense of carrying a prohibited weapon, where he is carrying a revolver —which can not be used as such because its mainspring is broken—in order to have it repaired. In the case of *Caldwell* v. *State,* (Cr.) 106 S. W. 343, it was held that the fact that the pistol was unloaded when it was being carried is no defense. To the same effect are *State* v. *Duzan,* 6 Blackf. 31; *State* v. *Bollis,* 73 Miss. 57; 8 R.C.L. 290, sec. 311.

The judgment appealed from must be affirmed.