v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 24, 1961.

COMMONWEALTH of Kentucky, Appellant,

v.

Norman M. HARRIS, Appellee.

Court of Appeals of Kentucky.

March 24, 1961.

John B. Breckinridge, Atty. Gen., William A. Watson, Asst. Atty. Gen., for appellant.

Blake Page, Winchester, for appellee.

BIRD, Chief Justice.

Upon defendant's demurrer the trial court dismissed an indictment for carrying a concealed deadly weapon which indictment contained the following charge:

"The Grand Jury of Clark County in the name and by the authority of the Commonwealth of Kentucky accuse Norman M. Harris of the Crime of unlawfully, wilfully and feloniously carrying concealed upon or about his person a deadly weapon Committed as follows, viz: That said Norman M. Harris in the County aforesaid and before the finding of this indictment, did unlawfully, wilfully, and feloniously, carry concealed upon or about his person a deadly weapon other than an ordinary pocket knife, to-wit: *an unloaded Smith & Wesson snub-nose .38 caliber pistol at a time when he did not have in possession or readily available a shell(s) to fit said pistol*, against the peace and dignity of the Commonwealth of Kentucky." (Emphasis ours.)

We have added emphasis to that portion of the indictment upon which defendant predicated his demurrer. The Commonwealth has appealed and asked for a certification of the law.

The indictment undertook to charge an offense under KRS 435.230. If the charge on its face discloses that no offense has been committed it is the trial court's duty, on demurrer, to dismiss the action.

It is apparent on the face of the pleading that the gun was not loaded, that the defendant had no ammunition in his possession and that none was readily available. The trial court apparently dismissed the indictment upon the authority of Jarvis v. Commonwealth, 306 Ky. 190, 206 S.W.2d 831 and Bowman v. Commonwealth, 309 Ky. 414, 217 S.W.2d 967. These were cases involving firearms that were incapable of being fired because of mechanical defects. In those cases, and perhaps others, we recognized that a firearm incapable of being fired because of mechanical defects did not constitute a deadly weapon under KRS 435.230. However, we have never said that a gun incapable of being fired for want of ammunition was not a deadly weapon within contemplation of the statute. It is our opinion that to so hold now will tend to defeat the ultimate purpose of the statute.

As we view it, one purpose of KRS 435.230 is to deter people from carrying concealed upon or about their persons firearms that are mechanically capable of producing death upon being fired. When a gun is readily available experience has taught us that ammunition is rarely unavailable. We think it in keeping with the purpose of the statute to hold that a gun mechanically capable of being fired is a deadly weapon within the meaning of KRS 435.230, though it be unloaded and though there be no ammunition upon the carrier's person or so near to him as to make it readily available.

The law is so certified.