**Curtis RAY, Jr., Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14060.**

Court of Criminal Appeals of Oklahoma.

June 26, 1968.

Frank Eagin, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Presiding Judge:

Curtis Ray, Jr., hereinafter referred to as defendant, was convicted of Carrying a Concealed Weapon, After Former Conviction of a Felony. He was tried before a jury and found guilty. The jury could not arrive at a verdict as to the punishment and left it to the trial judge who sentenced defendant to seven years in the penitentiary. Defendant's case is here by virtue of a Post-Conviction Appeal.

The record reveals defendant was arrested on the streets of Oklahoma City, in a drunken condition. He had on his person a .22 high standard automatic pistol. The gun contained no clip, nor was there any ammunition about his person. His explanation of the gun's possession arose out of a trade he made with a man for whom he was helping clean out a garage. He said the gun had no firing pin, no clip, nor any ammunition. That he was taking it over to a man's house who had a catalogue of gun parts and intended to have the man order some parts. It is the contention of defendant that the gun was incapable of being fired and therefore, could not fall under the statute prohibiting the carrying of concealed weapons. Though it appears to the Court there is grave doubt as to whether the weapon could be fired, the question as to its capability was for the jury to decide. See, Beeler v. State, Okl.Cr., 334 P.2d 799, and restated in State v. Spurlock, Okl.Cr., 371 P.2d 739. Also, it is stated in 56 Am.Jur., under Weapons and Firearms, § 13:

"Although the courts to some extent differ as to what conditions will destroy the efficiency of a weapon, the rule seems to be established that no matter how disabled a weapon may be, if it still retains it efficiency to such an extent that it may in some manner be used as originally intended, a person carrying

such a weapon contrary to law will be held criminally liable. Accordingly, it has been ruled that the fact that the hammer and mainspring of a pistol are missing, so as to render a discharge of the weapon impossible in the ordinary mode of using firearms, is no excuse or justification, and does not affect the liability of the defendant under the law. See, People v. McCloskey, 76 Cal.App. 227, 244 P. 930; State v. Rector, 328 Mo. 669, 4 [40] S.W.2nd 639; and, Mitchell v. State, 99 Miss. 579, 55 So. 354 [34 L.R.A.,N.S., 1174]."

However, this is a very close question. Whether the gun would fire is problematical. Whether carrying a weapon wholly incapable of firing comes under the carrying a concealed weapon, has not been passed on by this Court.

Since the defendant has been incarcerated since June 25, 1965, we feel under the circumstances, justice would be best served if the Seven (7) Year sentence given the defendant be reduced to time served; and the defendant be discharged from the penitentiary;

And it is so ordered.

BRETT and BUSSEY, JJ., concur.