No. 04-01-00484-CR



Jose Gutierrez PEREZ,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court at Law, Medina County, Texas


Trial Court No. Nos. 18140


Honorable Watt Murrah, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: June 26, 2002


AFFIRMED

 Jose Gutierrez Perez appeals his conviction for unlawfully carrying a weapon, claiming he
received ineffective assistance of counsel. We affirm his conviction.

Background


 Perez was stopped for a traffic violation in Medina County, Texas. Perez possessed a firearm
at the time of the stop and was charged with unlawfully carrying a weapon. A jury convicted Perez,
and the trial court fined him $300 and sentenced him to 30 days imprisonment, suspended for 180
days. Perez appeals his conviction, contending he was denied effective assistance of counsel.
Specifically, Perez complains counsel failed to: (1) invoke "The Rule"; (2) object to improper
comments on punishment evidence during final argument; (3) request a jury charge on two defensive
issues; and (4) request a jury charge on Perez's lack of intent to commit the offense.

Ineffective Assistance of Counsel


 The United States and Texas Constitutions guarantee the right to reasonably effective
counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10. To reverse a criminal defendant's
conviction on grounds of ineffective assistance of counsel, the defendant must demonstrate by a
preponderance of the evidence that: (1) counsel's performance was so deficient as to fall below an
objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. Strickland v.
Washington, 466 U.S. 668, 687 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App.1999); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App.1986). A reasonable probability
is a probability sufficient to undermine confidence in the outcome of the proceeding. Thompson, 9
S.W.3d at 812. 

 On review, we give great deference to counsel's representation at trial. Tong v. State, 25
S.W.3d 707, 712 (Tex. Crim. App. 2000). We look to the totality of the representation at trial, not
isolated acts or omissions of counsel in hindsight. Wilkerson v. State, 726 S.W.2d 542, 548 (Tex.
Crim. App. 1986). Any allegations of ineffectiveness must be firmly founded in the record, and the
defendant must overcome the strong presumption that counsel rendered adequate assistance and that
counsel's actions were the result of sound trial strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App.1994). The defendant's burden is even more difficult when, as in this case, the defendant
does not file a motion for new trial asserting ineffective assistance of counsel. Thompson, 9 S.W.3d
at 813-14; Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).

 Instances of Alleged Ineffective Assistance

 Perez complains counsel's performance was deficient in four specific regards.

A. Failure To Invoke "The Rule"

 Perez contends counsel should have invoked "The Rule" at the beginning of trial to prevent
the bolstering of witnesses. See Tex. R. Evid. 614. Perez claims counsel's failure to invoke "The
Rule" allowed Officer Azar Raja to bolster his partner's testimony regarding the validity of Perez's
traffic stop. (1) The complained of testimony, however, neither concerns matters of critical importance
nor goes directly to the question of Perez's guilt. Therefore, we cannot conclude Perez was
prejudiced by counsel's failure to invoke "The Rule." See Thompson, 9 S.W.3d at 812.


B. Final Argument

 Perez contends counsel should have objected to improper comments on punishment evidence
during final argument. Specifically, Perez argues counsel should have objected to the following
prosecutorial remarks:

Frankly, I don't think much of the pistol. I don't know what he was going to do with
it. But my job is if you violate the law, I have to prosecute. And his job is if he
violates the law and gets caught, he has to pay the fine. 

Regardless of whether counsel should have voiced an objection to such remarks, Perez fails to
demonstrate how he was prejudiced by counsel's failure to object. See Thompson, 9 S.W.3d at 812.

C. Failure To Request Defensive Instructions 

 Perez contends counsel should have requested a jury charge on two defensive issues. In
particular, Perez argues trial counsel should have requested an instruction on: (1) whether his firearm
was defective; and (2) the traveler's defense. Failing to request a jury instruction on the only defense
presented at trial renders a performance deficient if it would have been error for the trial court to
refuse the requested instruction. Vasquez v. State, 830 S.W.2d 948, 951 (Tex. Crim App. 1992).
A trial court must submit a requested instruction if evidence is introduced from any source which
raises an issue on a defensive theory. Muniz v. State, 851 S.W.2d 238, 254 (Tex. Crim. App.1993).
The evidence is sufficient to raise a defensive issue regardless of whether the evidence raising the
issue is strong, weak, unimpeached, contradicted, or unbelievable. Id.

Defectiveness of Weapon


 Perez argues counsel should have requested an instruction on whether the handgun could be
fired. See Miles v. State, 77 Tex. Crim. 597, 179 S.W. 567, 567 (1915) (holding it is not an offense 

to carry a pistol either so defectively manufactured or in such poor repair that it cannot be fired at
all). Perez cites to the following testimony from one of the arresting officers in support of this
contention:

 Q. Okay. Is that gun usable?

 A. I haven't fired it. No.


We believe such testimony, at most, demonstrates the testifying officer had not fired the weapon.
This testimony simply does not raise an issue on the defectiveness of the firearm.

 After thoroughly reviewing the entire record, we are unable to conclude that there is any
evidence demonstrating the firearm was "in such bad repair that it could not be fired at all." See
Miles, 179 S.W. at 567. In fact, the only evidence in the record reveals that the handgun could be
fired. (2) Because the record does not contain evidence which would have required the court to submit
a defective firearm instruction, we hold counsel's performance was not deficient for failing to
request such an instruction. See Thompson, 9 S.W.3d at 812.

 Traveler's Defense


 Perez also argues counsel should have requested an instruction on the traveler's defense
because he was traveling to another county when he was stopped. Section 46.15(b)(3) of the Texas
Penal Code allows individuals to carry firearms when they are "traveling." Tex. Penal Code Ann.
§ 46.15(b)(3) (Vernon Supp. 2002). While the term "traveling," is not defined by the statute, case
law instructs us that one is not a traveler where the distance is short and there is no real journey.
Stanfield v. State, 34 S.W. 116, 116 (Tex. Crim. App.1896); Blackwell v. State, 34 Tex. Crim. 476,
31 S .W. 380, 380 (1895); Birch v. State, 948 S.W.2d 880, 883 (Tex. App.--San Antonio 1997, no
pet.). This is true regardless of whether the accused's destination is in another county. Stanfield, 34
S.W. at 116; Blackwell, 31 S .W. at 380; Birch, 948 S.W.2d at 883.

 In this case, the record indicates Perez's destination was a restaurant in the next county --
a restaurant less than 10 miles from Perez's home. Under such facts, the trial court would not have
erred had it refused an instruction concerning the traveler's defense because such evidence does not
raise an issue on whether Perez was a "traveler." See Stanfield, 34 S.W. at 116 (holding one is not
a "traveler" where the destination is a county 15 miles away and the individual intends to return that
same day). Accordingly, we hold counsel's performance was not deficient for failing to request a
traveler's defense instruction because the record contains no evidence that would have entitled Perez
to such an instruction. See Thompson, 9 S.W. 3d at 812.

D. Failure To Request Intent Instruction

 Perez contends that because he did not intend to break the law, counsel should have requested
a jury charge concerning his lack of intent to commit the offense. Defendants, however, are not
entitled to an instruction that merely denies the existence of an essential element of the State's case.
Green v. State, 566 S.W.2d 578, 584 (Tex. Crim. App.1978). Therefore, had counsel requested an
instruction on his "lack of intent" and the trial court denied such instruction, the trial court would
not have erred. See id. Accordingly, we hold counsel's conduct did not fall below an objective
standard of reasonableness because he failed to request a "lack of intent" instruction. See Thompson,
9 S.W.3d at 812. 


Conclusion


 Perez fails to demonstrate how the alleged errors, whether considered independently or
considered cumulatively, prejudiced his case. Consequently, we hold Perez has not satisfied his
burden under Strickland. See Strickland, 466 U.S. at 687. We therefore affirm Perez's conviction.

 

 Catherine Stone, Justice


PUBLISH
1. Officer Raja testified, in part, as follows:


 Q. Have a seat right there, if you will, you're Trooper Raja?

 A. Yes, sir.


 Q. You were with Trooper [Kevin] Marmor the evening the defendant here, Jose Gutierrez Perez, was
 arrested?

 A. Yes, sir, I was.


 Q. You heard the officer testify that he was -- he [Perez] passed the stop sign without stopping?

 A. Yes, sir.


 Q. Is that true?

 A. That is true.
2. Perez himself describes the handgun as firing "some of the time."