# John Thomas and Standley Thomas v. Commonwealth.

(Decided February 15, 1912.)

## Appeal from Graves Circuit Court.

1. Criminal Law—Self Defense Instruction.—Where a father and his two sons were indicted for the offense of maliciously shooting and wounding, upon the trial of the sons, an instruction upon self defense was erroneous which limited the right of one who fired the shot to act in defense of his own person, whereas, he had the right to act, not only in his own, but in defense of either of the other two, if it appeared to him, in the exercise of a reasonable discretion, that death or great bodily harm was about to be inflicted upon him or either of the other two.

2. Same—Court Should Give Whole Law of Case.—It was incumbent upon the court to give to the jury the whole law of the case, and appellant was not required to offer any instructions, or to object to any instructions as given.

WEBB & WEAKS for appellants.

JAMES GARNETT, Attorney General and M. M. LOGAN, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

James Thomas and his two sons, John and Standley, were indicted for maliciously shooting and wounding one Will Wilson. James was first tried and fined. The trial of John and Standley, which followed, resulted in their conviction of the offense charged in the indictment, and they were given an indeterminate sentence of from one to five years imprisonment.

A reversal is sought upon many grounds, only two of which will be noticed. And one of these is not available, for the reason that proper exception was not taken at the time. The first error complained of is that of the court in permitting evidence to go to the jury of a conversation between James Thomas and Lawrence Douthitt, which took place the day after the difficulty and not in the presence of either of the appellants. This was error and should have been taken advantage of by objection at the time. As no objection was made it furnishes in fact no ground for reversal. Still, as the case must be reversed, upon another trial evidence of this conversation should be excluded.

Objection is made to all of the instructions, but upon examination we find no fault with any save No. 4, which is the self-defense instruction. By this instruction the right of the one who fired the shot to act is limited to the defense of his own person, whereas, he had a right to act, not only in his own, but in the defense of either of the other two, if it appeared to him, in the exercise of a reasonable discretion, that death or great bodily harm was about to be inflicted upon him or either of the other two. Under such circumstances the one shooting had the right to do so to avoid such danger, real or to him apparent. As only one shot was fired, the jury was limited by the instruction given to the single question, was the life of one who fired the shot endangered at the time he did so? If not, although the jury may have believed that Wilson, when he was shot, was making a deadly assault on either of the others, yet the one shooting could not be justified. This defect in the self-defense instruction was highly prejudicial to the accused.

It is urged, however, that the self-defense instruction was tacitly agreed to by counsel for appellant. It was incumbent upon the court to correctly give to the jury the whole law of the case, and appellant was not required to offer any instructions or to object to any instruction as given. His rights are fully preserved if in his motion and grounds for a new trial he raises the point that the instructions did not present the law of the case. Hence, he was not prejudiced because his counsel failed to object to instruction No. 4.

Upon another trial, in lieu of instruction No. 4, the court will give the following: ''Although you may believe from the evidence beyond a reasonable doubt that either John or Standley or James Thomas shot and wounded Will Wilson, yet, if you further believe from the evidence that the one so shooting him (if either one of them did shoot him) at the time and in the act of doing so had reasonable grounds to believe, and in good faith did believe that the said Wilson was then and there about to inflict upon his person, or the person of either or both of the others, some great bodily harm, then he had the right to use such means at his command as were necessary, or appeared to him to be necessary, to avert the impending, or to him apparently impending, danger to himself or either of the others, and if, in so doing, the one so shooting used no force greater or means other

than were to him apparently necessary for that purpose, you should find the defendants not guilty.

For the reasons indicated the judgment is reversed and cause remanded for a new trial.