## Miller v. Commonwealth.

(Decided May 27, 1924.)

## Appeal from Harlan Circuit Court.

1. Jury—Person Charged with Crime Entitled to Unbiased Jury.—
A person charged with crime, especially murder, is entitled to be
tried by an unbiased jury.

2. Criminal Law—When Juror Qualifies Without Disclosing Relation-
ship to Deceased or Existence of Opinion, New Trial Authorized.—
When a juror qualifies in homicide case without disclosing rela-
tionship to deceased, or that he has formed and expressed opinion
that accused is guilty, new trial is authorized, under Criminal Code
of Practice, sections 209, 210.

3. Criminal Law—Relationship Unknown to Juror to Deceased Not
Ground for New Trial.—Relationship of juror in homicide case to
deceased is not ground for new trial, where juror was ignorant of
his relationship.

4. Jury—Right to Challenge for Cause Removed, where Juror States
He Can Discard Previously Formed Opinion.—Right to challenge
for cause is removed, where juror states he can discard his previ-
ously formed opinion, and render a fair and impartial verdict,
under Criminal Code of Practice, sections 209, 210.

5. Criminal Law—Issue of Fact Arises where Misconduct of Jurors
for Bias is Raised on Motion for New Trial, and Commonwealth
should be Heard.—When upon motion for new trial question of
misconduct of jurors for actual or implied bias is raised by show-
ing either relationship or previously expressed opinion, an issue
of fact arises which must be determined, and court should give
Commonwealth opportunity to be heard.

6. Criminal Law—Disqualification of Juror Assumed on Appeal, on
Failure to Produce on Motion for New Trial.—Where question of
qualification of juror by relationship is raised on motion for new
trial, but juror is not produced, the court on appeal will assume
state knew of disqualification.

7. Criminal Law—Evidence that Juror had Expressed Opinion Must
be Clear.—Evidence to justify trial court in setting aside a verdict
on ground that juror had expressed opinion that would disqualify
him from sitting should be very clear and convincing.

8. Homicide—Instruction Defining "Willfully" Misleading, but not
Prejudicial.—Instruction in homicide case that "willful" and "will-
fully" mean "intentional, not accidental or voluntary," was mis-
leading, but favorable to defendant.

HALL, JONES & LEE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F.
CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY SANDIDGE, COMMISSIONER— Reversing.

Frank Miller, convicted in the Harlan circuit court of murder, committed by killing Pete Gulley, and sentenced to confinement in the state penitentiary for life, prosecutes this appeal from that judgment. Only one of the reasons urged here why a new trial should be granted is meritorious and we shall confine the opinion to its discussion alone. It relates to the misconduct of two of the jurors who tried appellant. After the jury had returned its verdict finding him guilty and had been discharged, and on his motion for a new trial, appellant filed the affidavits of himself and three other witnesses setting forth that Jim Middleton, one of the jurors who tried him, prior to his acceptance as a juror in the case, had said with reference to the killing of Pete Gulley: "That it was one of the dirtiest pieces of murder that was ever committed in Harlan county; that if Pete Gulley was a brother of his he would try the case without judge or jury." It was shown by these affidavits also that Jim Middleton and Pope Smith, members of the jury that tried apellant, were third cousins of the deceased, Pete Gulley; and by the affidavit of appellant that he did not know and could not by the exercise of reasonable diligence have known before the verdict was returned that these two jurors were related to the deceased or that the juror, Jim Middleton, had expressed an opinion as to his guilt before being accepted as jurors.

A person charged with crime, especially so serious a crime as murder, is entitled to be tried by an unbiased jury. A solemn oath is administered to prospective jurors and they are then subjected to the *voir dire* examination to bring to light any facts that may constitute grounds for challenge for cause. When upon the examination a prospective juror discloses that he is related either by consanguinity or affinity to the accused or to the deceased, or that he has formed or expressed an opinion as to the guilt or innocence of the accused, he is subject to challenge for cause. (Sections 209 and 210, Criminal Code.) When a juror qualifies without disclosing that he is related to the deceased, or that he has formed and expressed the opinion that accused is guilty, such a case of misconduct arises as authorizes the granting of a new trial. It has been held, however, in Miracle

v. Commonwealth, 148 Ky. 453, that if as, a matter of fact the juror was ignorant of his relationship to the deceased when he served on the jury, the mere fact that he was related would not authorize a reversal of the judgment upon that ground where the trial court had overruled the motion for a new trial. See also Leadingham v. Commonwealth, 180 Ky. 38. The reason for this is patent. A juror, though related to the deceased, if ignorant of that fact, could not be influenced or biased, nor could accused be prejudiced thereby. When, upon the *voir dire* examination, a juror, regardless of a previously formed opinion, qualifies by stating that he can discard his previously formed opinion and can and will render a fair and impartial verdict in accordance with the law and evidence, the right to challenge for cause is removed. (Leadingham v. Commonwealth, *supra.*) When, upon a motion for a new trial, the question of misconduct of jurors for actual or implied bias is raised by showing either relationship or previously expressed opinion, it necessarily follows that an issue of fact arises which must be determined. The proper practice is for the trial court to give the Commonwealth an opportunity to be heard in the matter. Following that practice on the hearing of appellant's motion for a new trial, the court below set a date for the hearing of the questions raised thereby. On the hearing the Commonwealth's attorney produced the juror, Jim Middleton, who denied that he had made the statement attributed to him by appellant's witnesses as to the killing of Pete Gulley being one of the dirtiest killings that ever occurred in Harlan county, etc. With reference to his relationship to the deceased, Pete Gulley, he testified that if he was related to him he did not know it at the time he qualified and sat upon the jury and made the verdict returned in the case. The Commonwealth did not produce the juror, Pope Smith, and did not by any testimony undertake to show that he was not related to deceased or that he was ignorant of the fact when serving as a juror. Just why this juror was not produced is not disclosed by the record. We feel that we must assume that he was not produced by the Commonwealth because it had been ascertained that he would have to state that he was related and knew of the relationship when he qualified as a juror.

In Mansfield v. Commonwealth, 163 Ky. 488, we said:

"Of course, if this juror did express himself in the manner stated, he ought not to have sat upon the jury, and we have no doubt that if the trial court believed from the evidence that the juror had made these statements, he would have set aside the verdict and granted the defendant a new trial. But in disposing of questions like this the ruling of the trial court is entitled to great weight, especially when the matter has been so thoroughly inquired into as in this case. The evidence that would justify the trial court in setting aside a verdict on the ground that one of the jurors had expressed opinions that would disqualify him from sitting in the case if they had been known, should be very clear and convincing, when first brought to the attention of the court after verdict. If new trials could readily be secured after the verdict on grounds like these, the temptation to procure the needed evidence and the ease with which it could be procured, would result in many new trials being granted on this ground, when the verdict should not be disturbed." See also Leadingham v. Commonwealth, supra.

Guided by the precedents above, the ruling of the court below on the motion and grounds for a new trial may and should be upheld with reference to the juror, Jim Middleton. But we are confronted with the fact that the juror, Pope Smith, a third cousin of the deceased, was a member of the jury that tried appellant; and that this fact was brought to the knowledge of appellant only after the jury had been discharged, and that it could not have been known by him by the exercise of reasonable diligence any sooner. No attempt was made by the Commonwealth to show by this juror that he was ignorant of his relationship to deceased at the time he served as a juror. In considering the matter we have to take into account also that the other juror, Jim Middleton, although he states he was ignorant of it, actually was a third cousin to deceased and that these two jurors were related to each other. We are constrained to hold that upon the evidence offered in support of appellant's motion the court below erred in refusing a new trial.

No question was raised on the appeal as to the ruling of the lower court upon the evidence offered and heard upon the trial of this case in the court below, and no question was raised as to any of the instructions given, except instruction No. 5, defining the words "wilful" and "wilfully." The following is the instruction given: "The words wilful and wilfully, as used in the indictment and in the instructions herein, mean intentional, not accidental or voluntary." The instruction as given is misleading, but as we see it is favorable rather than prejudicial to the appellant. Upon another trial of the case, in lieu of the foregoing, the court will give the following instruction: "The words 'wilful' and 'wilfully,' as used in the indictment and instructions herein, mean 'intentional' or 'intentionally.'"

For the foregoing reasons, the judgment herein is reversed and this cause remanded for further proceedings consistent herewith.