## Johnson v. Commonwealth.

### (Decided January 12, 1926.)

### Appeal from Bell Circuit Court.

Weapons—Defendant Constable Held Entitled to Instruction as to Right to Carry Concealed Weapons for Protection in Discharge of Duties.—Constable, tried for carrying concealed weapon, held entitled to instruction under Ky. Stats., section 1313, as to right to carry concealed weapons when necessary for protection in discharge of official duties; such necessity being determinable by facts and circumstances of case.

M. G. COLSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MCCANDLESS— Reversing.

This is an appeal from a conviction for carrying concealed a deadly weapon. Appellant is a constable of Bell county. On a certain Sunday morning he was seen to take a pistol from an inside coat pocket or holster and discharge it, then return it to its receptacle, leaving it concealed. This occurred on a public highway near his place of business. Appellant testifies that he had in his possession some processes for execution, but is uncertain as to whether they were civil or criminal; he further states that there is more or less lawlessness in his community. The only ground for reversal upon which he relies is that the court did not instruct the jury as provided in section 1313, Kentucky Statutes, which reads:

> "Carrying concealed deadly weapons shall be lawful in the following cases: By sheriffs, constables, marshals, policemen, and other ministerial officers when necessary for their protection in the discharge of their official duties. . . . "

This provision does not confer upon such officers an absolute right to so carry such weapons, but by its terms restricts the *right* to times "when necessary for their protection in the discharge of their official duties," thus clearly implying that it is not always *necessary* for their protection even in the discharge of official duty.

In a special sense an officer is performing his official duty when engaged in the actual execution of an official act. No doubt such an officer in arresting or seeking to arrest a criminal, either with or without a warrant, or in quelling a riot or in exercising similar duties would be justified in arming himself, as would be a policeman on his beat. Aside from policemen when off duty, a matter not considered, the officers named are charged at all times with the general duty of maintaining the peace in their communities, and a difference of opinion may exist as to what is necessary for their protection in the discharge of this duty. In some localities there is seldom if ever an occasion for the exercise of such authority. In such communities perhaps it would be unnecessary for an officer to carry arms for his protection except in the discharge of an actual duty, as above indicated. On the other hand, in congested districts and lawless communities an emergency may arise at any time and an unarmed officer be powerless to protect himself or to exercise his authority, and, under the statute, it would seem that the necessity of an officer arming himself for the exercise of these general duties is a question to be determined by the facts and circumstances arising in the case. Under the facts of this case, we think the defendant was entitled to an instruction under this statute, and the court erred in refusing to give such.

Wherefore, the judgment is reversed and cause remanded for a new trial.