# Voils v. Commonwealth.

(Decided February 22, 1929.)

OLIVER POPINWELL and CHAS. F. MONTGOMERY for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS
—Reversing.

John Voils was convicted of carrying concealed a deadly weapon, and judgment was rendered against him for a fine, imprisonment and disfranchisement for a period of two years. He appeals.

The evidence for the commonwealth is to the effect that in the Bank of Dunville, Dunville, Casey county, Ky., in the presence of Forest Combest and Robert Williams, defendant took a pistol out of his pocket and threatened to shoot it through the floor, but later returned it to his pocket. While in his pocket the pistol was concealed from view. Testimony was also introduced over defendant's objection that he was intoxicated at the time.

Defendant proved that he was constable of Casey county, and testified that at the time of the alleged offense he was collecting some money from Combest in a personal suit in which he had attached some trucks be-

longing to Combest, and denied that he was intoxicated. denied that the pistol was concealed at any time, and alleged that at the time he had some process in his hands for service.

It is first urged that the court erred in admitting proof of defendant's intoxication. However, in view of the fact that defendant is a peace officer, and relies upon his right as such officer to carry concealed a deadly weapon, when necessary for the purpose of maintaining the peace generally, this evidence may have some bearing on the question as to whether he was engaged in such general duty. Also there is a direct conflict in evidence, and it was competent to show that defendant was intoxicated, for the purpose of affecting his memory and credibility. Avery v. Com., 223 K. 248, 3 S. W. (2d) 624, is relied upon as holding otherwise. But in that case the commonwealth had been permitted to prove a trial and conviction for the offense of intoxication, and it was the proof of the separate offense that was there denied.

The court gave the usual instructions, supplemented by No. 4, reading "Now defendant was constable of Casey county at the time he had the pistol at the bank, and should you believe he was acting at the time he had it in the discharge of his duties of constable you will find him not guilty;" and added orally: "The defendant had no right to act as constable in his own case."

The court evidently was of the opinion that the defendant, as constable, was not authorized to carry concealed a deadly weapon at any time, except when actually engaged in the duty of executing a process, and inferred that his defense was based on the fact that he was at the time engaged in executing process, and that, as the process was in his own favor, he was not authorized to execute it. His defense was thus entirely eliminated. Perhaps this was proper under the court's theory of the case. But we have held that, aside from the special duty of executing process and like matters, a peace officer is under the general duty of maintaining the peace in his community. And under the statute (section 1313, Ky. Stats.) he may reasonably prepare for his own protection in the exercise of this general duty. In some communities the law is so highly regarded as to make it unnecessary to make any such preparations. In other communities there is a lack of observance of law which would render an officer powerless to preserve the peace in an emer-

gency unless he was armed; hence the right of a peace officer to carry concealed arms in the discharge of the general duty is to be determined from the facts and circumstances of each case. Johnson v. Com., 212 Ky. 372, 279 S. W. 341. It follows that the court erred in the instruction given, and in failing to instruct the jury on the theory of the case above outlined.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.