## Turley v. Commonwealth.

March 26, 1948.

B. S. Grannis and Lewis A. White for appellant.

A. E.. Funk, Attorney General, and Guy L. Dickinson, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

Turley was charged with carrying concealed a deadly weapon, an offense denounced by Sec. 435.230, KRS. The jury returned a verdict of guilty, fixing punishment at confinement in the Reformatory for two years. On appeal it is contended that the court erroneously failed to give a tendered instruction presenting his defense.

A witness testified that she saw Turley on the highway and he went down in his clothes "and came out with a pistol. I don't know where he got it. His jacket

was open. He went inside and came out with it." Another witness present on the occasion saw the pistol in appellant's hand. Another saw appellant "turn from me and fumble about himself and come out with the pistol." Another witness testified to substantially the same. It appears that all of them were relatives or close friends of the person or persons who were engaged in the sharp and unpleasant quarrel with appellant's relatives.

Briefly the testimony on behalf of appellant was that the altercation occurred near the home of Mary Belle Scott, a sister of appellant, about 5:00 p. m. Appellant, a farmer, quit his work shortly before this and drove his car to the Scott home to get his mother, his wife and son who were visiting the Scotts. Near the Scott home he passed his cousin Leona Marshall (the chief Commonwealth witness) walking towards the Scott home. Appellant parked his car in front of the home and went in to get his family together for their return home. In the meantime Leona had reached the Scott home, and there arose an altercation, chiefly use of abusive language among the women. Appellant was in the house for the purpose of getting his mother or wife, or both; they came out and appellant and his wife got in the car and he started his motor. It seems that the mother had reached the car last and before getting in had fired two shots in the ground from a pistol which she had brought from the Scott home. Appellant heard the shots, but did not see who had fired them. He shut off his motor, got out of the car; walked to the rear and pointed the pistol at Leona Marshall. He did not shoot, and through intervention of Scott and another witness the quarrel was stopped.

We agree with the assistant attorney general who briefed for the Commonwealth, that there was sufficient proof to require submission, and who remarks in brief that "we are not convinced that the unbiased testimony preponderates in behalf of the appellant." This would indicate that there was, and we agree, some biased testimony.

Counsel for appellant, pointing out that appellant testified that the pistol was locked in the glove compartment of his car, and he took the key from the switch,

unlocked the compartment and procured his pistol, entitled him to an instruction as follows:

"The court instructs the jury that the keeping of the pistol mentioned in the evidence in the locked compartment of his car does not constitute the offense of carrying concealed a deadly weapon."

Appellant insists that the evidence as to what happened at the Scott home, insofar as it shows that appellant drew from concealment the pistol, is both weak and biased. The testimony of appellant that he removed the key and unlocked the glove compartment, substantiated by other witnesses, is fortified by the evidence of others who during the day saw him place the pistol there and lock the compartment. The contention is that having the pistol concealed in the manner stated and not convenient of access, or within immediate reach, was not offensive within the meaning of the statute.

Counsel for appellee, while not forcefully contending that appellant was not entitled to an instruction upon his theory of the case, says that there was no prejudice since the court in Instruction No. 1 advised the jury to find him guilty if they believed beyond a reasonable doubt he carried the pistol concealed "upon his person."

The fact that the court did not use the words "or about his person" did not affect the second instruction which defines the word "concealed" as meaning secreted, screened, or covered in such a manner and to such an extent as to hide the nature and character of the weapon from the view of persons who might have been near the defendant and whose view would not have obscured otherwise than by such screening, secreting or covering." Stanley's Instructions, Sec. 842.

There are a number of cases in which we have discussed the question of what is in law "concealment." In Hampton v. Commonwealth, 257 Ky. 626, 78 S. W. 2d 748, 749, it was shown that appellant was driving a coupe with a pistol, rifle and blackjack hidden under some clothing on the shelf immediately behind him. The contention was that being in the automobile the weapons were not upon or about the person. We held otherwise, saying: "The weapons were on the shelf immediately

behind appellant, who was seated in the car, and while they were not connected with, or attached to, his person in any way, they were readily accessible and available for use.''

In Commonwealth v. Nunnelley, 247 Ky. 109, 56 S. W. 2d 689, 88 A. L. R. 805, officers found a pistol concealed under the front seat of the car. We were called upon for certification of the law, since the trial court had held no violation of the statute. We concluded that a pistol thus concealed was not a concealment on or about the person. In that case we referred to Avery v. Commonwealth, 223 Ky. 248, 3 S. W. 2d 624, 626, where persons saw a pistol drop from appellant's pocket. Appellant claimed that as he was leaving his house to get in an automobile, carrying a suit of clothing to the cleaners, the pistol fell from a pocket of the clothing he was carrying. The court there declined to pass on the question whether it would be violative of the statute for one to have a weapon concealed in his car ''in close proximity.'' We did say that under the facts presented the court should have admonished the jury ''that appellant was not upon trial on a charge of having the pistol concealed in the automobile, and that the jury should find him guilty only in the event they believed in accordance with the instruction that he had the pistol concealed upon or about his person'' as the witnesses for the Commonwealth claimed it was.

In the Hampton case, 257 Ky. 626, 78 S. W. 2d 748, 750, we reviewed the Avery and Nunnelley cases, not overruling but lending some criticism. We pointed out the purpose of the statute, and our duty to give it reasonable construction. We found the weapon in the Hampton case while not concealed ''on'' but ''about'' the person to be in such close proximity that ''(appellant) could reach it more easily and could use it more promptly than if it had been concealed on his person.'' It may thus be observed from reading the cited cases the question of accessibility and convenience of use enter materially into the question as to whether or not the weapon is ''about'' one's person, and under the facts in this case there was a defense submittable to the jury.

The general rule is that the accused is entitled to have the jury consider his affirmative defense, as for

instance a plea of self-defense when charged with manslaughter, or the mitigating defense of intoxication when charged with any crime. Of course, the sought instruction must be predicated on sufficient proof; there must be evidence upon which to base the requested instruction. Here appellant admitted that his weapon was concealed in the locked glove compartment, the key at the time being in the starting switch, but denied that it was upon his person.

In Johnson v. Commonwealth, 212 Ky. 372, 279 S. W. 341, Johnson, a constable, was indicted and convicted under the statute. He contended that under KS sec. 1313 he had the right to carry a concealed weapon while in the discharge of his duties. Apparently the complaint there was that the court did not instruct on whether or not at the time it was necessary for Johnson to carry the weapon for his protection in the discharge of his official duties. We reversed and remanded for new trial, consistent with the opinion.

We reaffirmed the Johnson case in Voils v. Commonwealth, 228 Ky..149, 14 S. W. 2d 381, 382. There the defense was that Voils was a constable, and the court instructed the jury that as such officer he had the right to carry the weapon if he was in the discharge of his duties, but added, "the defendant had no right to act as constable in his own case." We reversed because the court failed to instruct the jury on the theory of the defendant as outlined in the Johnson case. In Bailey v. Commonwealth, 198 Ky. 629, 249 S. W. 779, there was conviction under the statute, Bailey admitting having the pistol concealed on the occasion, but testified that he had been summoned by a deputy sheriff to assist him. We held that the court properly instructed the jury to acquit if they believed from the evidence that Bailey was summoned by and was assisting the sheriff. These cases are exemplary.

While we are of the opinion that appellant's defense should have been incorporated in an instruction, it is doubtful if the one offered is a correct presentation. The Court should phrase an instruction presenting appellant's defense substantially as follows:

"The Court instructs the jury that if they shall believe from the evidence that at the time and place men-

tioned in the evidence, the pistol in question was locked in the glove compartment of defendant's car, and the key to the compartment was in the ignition switch, and further believe from the evidence that this was the only concealment of the pistol, you shall find the defendant not guilty.''

Our conclusion is that the judgment must be reversed for a new trial consistent herewith.

Judgment reversed.