### Bowman v. Commonwealth.

February 18, 1949.

Shumate & Shumate for appellant.

A. E. Funk, Attorney General and Zeb A. Stewart, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellant was indicted by the grand jury of Lee County in which he was accused of the offense of carrying a concealed deadly weapon—a pistol—on or about his person, an offense created by section 435.230, KRS. Upon his trial in July, 1948, he was convicted and punished by confinement in the penitentiary for two years. In his motion for a new trial, which the court overruled, he complained of three errors of the court prejudicial to his substantial rights and which are, (1) the refusal of the court to sustain his motion for a directed verdict of acquittal; (2) improper instructions, and the failure of the court to instruct the jury on the whole law of the case, and (3) that the verdict was flagrantly against the evidence and was rendered by the jury by reason of prejudice "against the defendant."

Grounds (1) and (3) complain of the insufficiency of the evidence to sustain the conviction, which is the only ground argued in brief of appellant's counsel filed in this court, there being no reference therein to ground (2). We will therefore discuss the sufficiency of the evidence to support the verdict, and if found to be insufficient it would follow that the court should have directed defendant's acquittal.

On a day in March, 1948, the particular one not named, the sheriff of Lee County, one of his deputies, and a policeman in the city of Beattyville arrested defendant in a restaurant because of drunkenness and disorderly conduct. He was then searched and a .32 ancient automatic Colt pistol was taken from him. At the time he was wearing a full suit of outer clothing, consisting of trousers, vest and coat, and the pistol taken from him was concealed under his coat and could not be seen without taking it off or lifting it so as to expose the weapon to view. However, one of the deputy sheriffs and a policeman present examined the pistol, which had

six cartridges in the cylinder and one in the barrel, but the tip end of the plunger, which was absolutely necessary to produce an explosion of a cartridge, was broken off and could not be made to reach the cap on the cartridge so as to cause the pistol to fire. All of the prosecuting witnesses testified that in that condition the pistol could not be fired. A further and more minute search of the defendant failed to disclose either the broken off piece from the plunger or a complete plunger which might be readily substituted for the broken and wholly defective one, nor were any tools or facilities found upon defendant's person by which he might repair the broken plunger.

Defendant neither testified himself, nor did he introduce any witness in his behalf, so that the testimony of the prosecuting witnesses stands uncontradicted, and which raises the question as to whether or not a pistol when some part of it is so defective as to render it incapable of being fired, and when nothing is found upon the person of the accused with which the defect might be remedied, is a deadly weapon within the contemplation of the section of the statute supra.

We had the precise question before us in the very late case of Jarvis v. Commonwealth of Kentucky, 306 Ky. 190, 206 S.W.2d 831, 833. In that case the pistol found on the person of the accused was without a cylinder, but both the Commonwealth and the defendant introduced testimony creating an issue as to whether or not defendant had removed the cylinder just before being arrested. In that state of the proof we held that the court, under the rule of practice that in criminal prosecutions the court should instruct the jury on the whole law of the case, should have submitted the issue thus made to the jury. In so determining, after referring to the holdings of other states on the questions, we said:
"* * * There was some evidence that it was an old pistol without a cylinder. It was held that the accused was not guilty of the offense charged if the cylinder was missing, and the judment was reversed because of improper instructions on that point.

"If appellant's story is true, the revolver had lost an essential part. Without the cylinder it was harmless and worthless as a weapon. The essential character of a

deadly weapon is not changed by dismemberment, if the parts may be easily assembled so as to be effective, but here, according to appellant, the cylinder had been thrown away and was lost and was not on or about his person at the time he is charged with having committed the offense. * * * The jury might not have believed appellant's story, but he was entitled to an instruction presenting his theory of the case. The court should have instructed the jury, in substance, if they believed from all the evidence that the pistol or revolver was without a cylinder and could not be loaded or fired and the cylinder was not on or about appellant's person when the offense was charged to have been committed, they should find him not guilty.''

But in that case, as we have stated, there was a contrariety of the evidence as to the absence of a cylinder in the pistol found concealed upon the person of the accused. In this case there is no contrariety in the evidence as to the totally defective condition of the plunger so as to make it completely ineffective in exploding a cartridge therein so as to cause it to fire, nor was there on his person any part of a completed firing pistol with which the concealed one on appellant's person could be supplied. There was no proof, therefore, to support the giving of the instruction authorized in the Jarvis case. There is an entire absence of evidence in this case to authorize such an instruction as therein directed. In the absence of such contrariety of proof in this case and where all of it shows that the weapon found on appellant was wholly incapable of being fired, it clearly became the duty of the court to have directed the jury to acquit him. We therefore conclude that there is no escape from sustaining grounds (1) and (3) in appellant's motion for a new trial, and a new trial granted, which counsel for the Commonwealth practically concedes.

Wherefore, the judgment is reversed with directions to set it aside, and if a new trial is had and the evidence should be substantially the same a directed acquittal should be ordered.