## Skidmore v. Commonwealth.

October 14, 1949.

F. M. Jones and Edward G. Hill for appellant.

A. E. Funk, Attorney General, and H. D. Reed, Jr., Assistant Attorney General, for appellee.

JUDGE THOMAS—Reversing.

The appellant, Roy Skidmore, was indicted, tried and convicted in the Harlan circuit court of carrying concealed upon his person a deadly weapon, to-wit, a pistol. His motion for a new trial was overruled followed by this appeal. His grounds for a new trial, as set out in his motion therefor, are: (1) admission of incompetent and prejudicial testimony by the Commonwealth, (2) in refusing competent and material evidence offered by him, and (3) error in instruction to the jury. We find no merit in grounds (1) and (2), but ground (3) is dynamic in its effect upon the verdict and the judgment pronounced thereon.

A deputy sheriff testified that he saw defendant draw a concealed pistol from his trousers' pocket, whilst defendant testified that he had, on the occasion in question, a pistol in one of the front pockets of his trousers; that the pocket was too shallow to conceal the pistol and that the entire handle thereof was totally unconcealed, since he was in his shirt sleeves. The issue was, therefore, clearly presented as to whether or not the pistol was concealed, it being no offense to carry or have upon or about one's person an unconcealed deadly weapon.

The court gave only two instructions. Number (1) was upon the issue of guilt or innocence of appellant, while the other was the usual reasonable doubt instruction. Number (1) is thus worded: "If you believe from the evidence beyond a reasonable doubt that the defendant, Roy Skidmore, in this county and before the finding of the indictment herein, wilfully or feloniously carried about his person a deadly weapon, you ought to fix his punishment in the state reformatory for a period of no less than two nor more than five years in your discretion, according to the proof." That instruction, in effect, directed the jury to find appellant guilty, since it directed it to find the defendant guilty if he "carried about his person a deadly weapon."

A pistol is classified as a deadly weapon. Defendant admitted that he carried about his person a deadly weapon, but which was not concealed. The instruction

nowhere required the jury to find, or believe from the evidence beyond a reasonable doubt that the pistol of defendant ''was concealed,'' which is the very essence of the crime with which the appellant was accused in the indictment. All of which was just as fatal to a conviction as if one were indicted, charged and tried for murder when he had only wounded his victim who completely recovered therefrom and still survives.

The error in instruction Number (1) is so glaring that the Commonwealth in its brief filed in this court says: ''The omission of the word 'concealed' not only failed to present the defense of the appellant but in effect charged the jury to find the appellant guilty under circumstances which did not even constitute an offense. For this reason we must agree with appellant when he states the court committed prejudicial error in improperly instructing the jury.''

A question which lurks in the record and which is referred to and discussed in brief for the Commonwealth is that no exception was taken to the totally defective instruction Number (1), which we have discussed, but which defendant relied on, as we have seen, in his motion and grounds for a new trial.

In criminal prosecutions it is the duty of the court to correctly give the whole law of the case without any request or motion of defendant to do so. On this very point we, in the case of Thomas v. Commonwealth, 146 Ky. 790, 143 S. W. 409, 410, said: ''It is urged, however, that the self-defense instruction was tacitly agreed to by counsel for appellant. It was incumbent upon the court to correctly give to the jury the whole law of the case, and appellant was not required to offer any instructions or to object to any instructions as given.''

Again in the case of Barton v. Commonwealth, 238 Ky. 356, 38 S. W. 2d 218, 220, the same rule was approved by this court in thus saying: ''It was incumbent upon the court to give correctly to the jury the whole law of the case, and appellant was not required to offer any instructions or to object to the instructions given. His rights were fully preserved when in his motion and grounds for a new trial he raised the point that the instructions did not present the whole law of the case.'' Citing Thomas v. Commonwealth, 146 Ky. 790, 143 S. W.

409; King v. Commonwealth, 187 Ky. 782, 220 S. W. 755 to the same effect.

Wherefore, the judgment is reversed, with directions to set it aside and for future proceedings consistent with this opinion.