## COUCH v. COMMONWEALTH.

Court of Appeals of Kentucky.

Feb. 20, 1953.

Robert J. Watson, Middlesboro, for appellant.

J. D. Buckman, Jr., Atty. Gen., and John B. Browning, Asst. Atty. Gen., for appellee.

SIMS, Chief Justice.

Doyle Couch was convicted of feloniously carrying concealed upon his person a deadly weapon—a pistol—and his punishment was fixed at confinement in the penitentiary for two years. He urges two grounds for reversal: (a) The Commonwealth failed to prove the pistol he was carrying was a deadly weapon; (b) two of the jurors were related to two of the prosecuting witnesses.

The Commonwealth proved appellant had concealed in the left pocket of his trousers a .38 caliber pistol and it could not be seen until he pulled it from his pocket when he requested a police officer not to take to jail two boys who were fighting. Appellant admitted having the pistol in his hand but denied it was concealed in his pocket, and testified he picked it up from the seat of his parked car where it was in plain view. It is conceded there was an issue for the jury as to whether or not he had the pistol concealed, but appellant insists the Commonwealth failed to prove it was a deadly weapon when it did not show the pistol was complete with trigger, cylinder, etc., and in condition to fire, citing Jarvis v. Commonwealth, 306 Ky. 190, 206 S.W.2d 831, and Bowman v. Commonwealth, 309 Ky. 414, 217 S.W.2d 967.

In the Jarvis case there was evidence the pistol was without a cylinder and was harmless as a weapon. That opinion stated the court should have instructed the jury if they believed from the evidence the pistol was without a cylinder and could not be loaded or fired and the cylinder was not on or about appellant's person when the offense was charged to have been committed, they should acquit him. In the Bowman case, the uncontradicted evidence showed that the pistol was incapable of being fired due to the defective condition of the plunger, and citing the Jarvis opinion we said that a verdict of acquittal should have been directed in favor of Bowman.

In the instant case there was no evidence the pistol was defective and could not be fired. Appellant erroneously argues that as the Commonwealth must prove his guilt beyond a reasonable doubt, it must show the pistol was in such condition that it could be fired at the time it was alleged appellant had it concealed. A pistol is a deadly weapon per se, Skidmore v. Commonwealth, 311 Ky. 176, 223 S.W.2d 739, and when the Commonwealth proved the accused had it concealed on or about his person, it made out a case. If the weapon was in such defective condition that it could not be fired, that was an affirmative defense which the defendant was called on to prove. Both the Jarvis and Bowman opinions support this legal proposition.

The supplemental motion for a new trial states that two of the prosecuting witnesses, Mr. and Mrs. Hiram Brock, had an uncle and a brother-in-law on the jury which convicted appellant, which fact was not known to appellant until after the trial. Appellant supported this motion by his affidavit which stated he not only did not know of this relationship between the jurors and the two witnesses, but he had no way of learning it until after his conviction. He cites Miller v. Commonwealth, 203 Ky. 437, 262 S.W. 579, and Gray v. Commonwealth, 247 Ky. 282, 57 S.W.2d 6, to the effect that when a juror qualifies for service in a criminal case without disclosing his relationship to a party interested in the prosecution and that fact is properly called to the court's attention in a motion for a new trial, the motion should be sustained. The Miller opinion points out that an oath is administered to prospective jurors and then they are subjected to a voir dire examination to bring to light any facts which may con-

480

stitute grounds for a challenge for cause. If the jurors do not truthfully answer questions asked on the voir dire which seek to elicit pertinent information from them which will enable accused to intelligently exercise his valuable right of challenge, then the motion for a new trial should be sustained. Nuchols v. Commonwealth, 312 Ky. 171, 226 S.W.2d 796, 13 A.L.R. 1478.

In the instant case the record does not show appellant asked the jurors on their voir dire whether they were related to the prosecuting witnesses (whose names appear on the back of the indictment), and in the absence of such an examination of the prospective jurors, it cannot be said appellant used due diligence to discover such fact. Since appellant did not see fit to ask the prospective jurors this important question, he will not be heard to raise it after his conviction and say he could not have discovered this relationship in time to have availed himself of the information.

The judgment is affirmed.