John Ed STEVENS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 30, 1966.

Meriel D. Harris, Somerset, for appellant.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

WILLIAMS, Judge.

Appellant John Ed Stevens was convicted in the Pulaski Circuit Court of the crime of carrying concealed a deadly weapon on or about his person as denounced by KRS 435.230. From a judgment sentencing him to two years in the State Reformatory he appeals.

When appellant was apprehended by the police he was sitting on the right-hand side of the front seat of an automobile. Directly beneath him and under the seat the police found his pistol.

Appellant testified that the slide or ejector mechanism was jammed and the pistol would not fire in that condition. The police officers testified that the ejector mechanism was jammed, but when asked if it would fire in that condition they were beset by equivocality, with the result it would be difficult to say the evidence was uncontradicted that the pistol would not fire. However, in order to release the mechanism it was necessary for one of the police officers to shove a wire rod down the barrel and eject the cartridge which was jammed therein.

If there is sufficient evidence to show that a pistol is incapable of being fired, and that evidence is uncontradicted, then it becomes incumbent upon the court to direct an acquittal. Bowman v. Commonwealth, 309 Ky. 414, 217 S.W.2d 967 (1949). Appellant moved for a peremptory instruction at the end of the Commonwealth's evidence and again at the close of the case. His motion was overruled in each instance and, as heretofore indicated, properly so because there was not uncontradicted evidence that the pistol would not fire.

However, there was sufficient evidence to generate a belief as well as disbelief that the pistol would fire. Consequently, it was the duty of the court to give an affirmative defense instruction. Jarvis v. Commonwealth, 306 Ky. 190, 206 S.W.2d 831 (1947); Turley v. Commonwealth, 307 Ky. 89, 209 S.W.2d 843 (1948); Skidmore v. Commonwealth, 311 Ky. 176, 223 S.W.2d 739 (1949). Appellant's motion and grounds for a new trial include the failure of the court to instruct on the whole law of the case. This was sufficient to bring to the attention of the trial court the failure to give the affirmative instruction.

The judgment is reversed.