Bennie L. ARNOLD, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2002–CA–001716–MR.

Court of Appeals of Kentucky.

June 20, 2003.

Sheila A. Seadler, Bruce P. Hackett,
Louisville, KY, for appellant.

Karl Price, Chris Melton, Assistant
County Attorneys, Louisville, KY, for appellee.

Before BARBER, COMBS and KNOPF,
Judges.

*OPINION*

COMBS, Judge.

Bennie Arnold appeals from the Jefferson Circuit Court's grant of a writ of prohibition. Finding no error, we affirm.

On November 17, 2001, police officers were dispatched to 26th and Jefferson Streets in Louisville after receiving a report that a man at that location was firing a gun from his automobile. Arnold and his automobile matched the descriptions given to the police of the perpetrator and the vehicle. The police officers stopped Ar-

nold, ordered him to get out of his car, and told him to lie on the ground. They seized a .32 caliber Smith & Wesson revolver from him. Arnold was arrested for carrying a concealed deadly weapon in violation of KRS [1] 527.020, operating a vehicle without an operator's license (KRS 186.410)(1)), and having no automobile insurance (KRS 304.39.080).

Relying on *Bowman v. Commonwealth*, 309 Ky. 414, 217 S.W.2d 967 (1949), Arnold moved the Jefferson District Court to dismiss the weapon charge because the gun retrieved from him was inoperable due to a mechanical defect. In objecting to the motion to dismiss, the Commonwealth argued that it was not required to prove in its case-in-chief that the gun was capable of firing. The district court judge took the motion under submission, and on May 6, 2002, she ruled that the Commonwealth could not go forward on the weapon charge unless it could show that the gun was operable. The case was continued until July 9, 2002; on that date, it was passed again until July 15, 2002.

On July 12, 2002, the Commonwealth filed a petition in the Jefferson Circuit Court seeking a writ to prohibit the district court from enforcing its order that the Commonwealth had to prove that the gun was operable as an element of the crime of carrying a concealed deadly weapon. The circuit court granted the petition for the writ and set aside the district court order of May 6, 2002. It specifically prohibited the district court from requiring the Commonwealth to prove during its case-in-chief that the firearm was operable. This appeal followed.

▄ Arnold first argues that the writ was improperly granted because the Commonwealth failed to demonstrate irreparable harm. We disagree. A writ is a proper

means of correcting an erroneous ruling when the party aggrieved would have no remedy by appeal. *See, Tipton v. Commonwealth*, Ky.App., 770 S.W.2d 239, 241 (1989). As discussed below (*infra* at pp. 164–65), the district court was proceeding under the misconception that the Commonwealth bore the burden of establishing that Arnold's gun was in working order at the time of his arrest. The court order prevented the Commonwealth from going forward on the charge without such proof. Until and unless it was corrected as to its mistaken belief concerning the Commonwealth's burden of proof, the district court was inevitably proceeding toward erroneously directing a verdict of acquittal at the close of the Commonwealth's case. Thus, the Commonwealth effectively had no remedy by appeal.

▄ Arnold also argues that the circuit court abused its discretion in failing to defer to the findings of the district court. He contends that those findings were supported by substantial evidence because the officer who arrested him was present in court and "explained to the judge and parties the condition of the gun" taken from him.

We disagree for two reasons. First, the record does not contain any sworn testimony. We have listened to the audiotape of the proceedings conducted in the Jefferson District Court. We did not hear any statements attributable to a police officer—much less sworn testimony concerning the condition of the weapon. Arnold's counsel did allude to the condition of the gun. However, neither he nor the attorney for the Commonwealth had arranged to have the gun tested in order to determine its firing ability. Additionally, the district court made no findings concerning the gun. Instead, it ruled as a matter of law that the Commonwealth bore the burden

1. Kentucky Revised Statutes.

of proving that the gun was operable prior to proceeding with the case.

In discussing the standard of review to be applied to applications for injunctive relief, the Kentucky Supreme Court has emphasized that a reviewing court does not defer to the rulings of a lower court on matters of law:

> Where a petition for one of the extraordinary writs alleges that a lower adjudicatory body within its jurisdiction has acted incorrectly, and the threshold factors of inadequate remedy and irreparable injury are satisfied, the writ should be granted only upon a showing that the challenged action reflects an abuse of discretion. If the legitimacy of the challenged action presents *only a question of law,* the reviewing court may of course determine the law *without necessary deference to the lower court* or hearing officer. (Emphases added.)

*Commonwealth v. Deloney,* Ky., 20 S.W.3d 471, 473 (2000), *citing Southeastern United Medigroup, Inc. v. Hughes,* Ky., 952 S.W.2d 195, 199–200 (1997).

Finally, Arnold's reliance on *Bowman v. Commonwealth, supra,* is misplaced. In *Bowman,* the prosecuting witnesses all testified that there was an essential part missing in the gun and that it could not be fired. The court stated that there was:

> no contrariety in the evidence as to the totally defective condition of the plunger so as to make it completely ineffective in exploding a cartridge therein so as to cause it to fire, nor was there on [the appellant's] person any part of a completed firing pistol with which the concealed one on appellant's person could be supplied.... In the absence of such contrariety of proof in this case and where all of it shows that the weapon found on appellant was wholly incapable of being fired, it clearly became the duty

of the court to have directed the jury to acquit him.

*Id.,* 309 Ky. at 417, 217 S.W.2d at 968.

■ *Bowman* does not address the issue of who bears the burden of proof as to a weapon's operability. While the Commonwealth usually bears the burden of proof in criminal cases, there are exceptions with respect to certain affirmative defenses. *Kirk v. Commonwealth,* Ky., 6 S.W.3d 823 (1999). In Kentucky, the operability of a firearm is not an element of the offense of carrying a concealed deadly weapon. However, its inoperability is an affirmative defense. *See, Stark v. Commonwealth,* Ky., 828 S.W.2d 603 (1991), overruled in part on other grounds in *Thomas v. Commonwealth,* Ky., 931 S.W.2d 446, 447 (1996). In *Mosely v. Commonwealth,* Ky., 374 S.W.2d 492, 493 (1964), the Court held that the accused bore the burden of proving the operability of the weapon:

> In *Couch v. Commonwealth,* Ky., 255 S.W.2d 478, and *Prince v. Commonwealth,* Ky., 277 S.W.2d 470, it was stated that a pistol is a deadly weapon per se and when the Commonwealth has proved that the accused had such a weapon concealed on or about his person it has made out a case *and if the weapon was in such a defective condition that it could not be fired, the burden was upon the accused to prove such a fact in the way of an affirmative defense.* Counsel for appellant faces up to the fact that such is the law in this state, but suggests that the cases should be overruled and the burden placed upon the Commonwealth. We have been offered no sound reason for such action. (Emphasis added.)

On remand, if the proof is similar to that in *Bowman,* Arnold will be entitled to a directed verdict. However, the content of

the evidence at this point is not the issue. The issue before us is the proper allocation of the burden of proof for asserting the affirmative defense that the gun was inoperable. That burden rests on Arnold rather than the Commonwealth. Accordingly, we find no abuse of discretion by the circuit court in granting the Commonwealth's petition for a writ of prohibition.

The judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.