### SING DAVIS v. THE STATE.

#### No. 3730. Decided October 20, 1915.

**Carrying Pistol—Intent—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the defendant claimed that the pistol was broken and would not shoot, and that he was carrying the same back to his home, but did not request a charge on the first issue in proper form, but the court submitted the second issue by a requested charge, and no exception having been reserved to the court's charge, there was no reversible error.

Appeal from the County Court of Henderson. Tried below before the Hon. C. D. Owen.

Appeal from a conviction of unlawfully carrying a pistol; penalty, sixty days confinement in the county jail

The opinion states the case.

*Miller & Miller,* for appellant.—On question of the insufficiency of the evidence: Waddell v. State, 37 Texas, 354; Brooks v. State, 107 S. W. Rep., 354; Pressler v. State, 52 Texas Crim. Rep., 62.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of unlawfully carrying a pistol, and his punishment assessed at sixty days imprisonment in the county jail.

The first contention of appellant is that the evidence will not sustain a conviction. John Hill, John Ross and Lillie Ross all testify that

John Ross was working with an unbroke horse when appellant came walking along. That he stopped and began to assist Ross with the horse, and while doing so a pistol fell out of his pocket. That John Hill picked up the pistol and offered it to appellant, when appellant asked him to take care of it for him, as he, appellant, would go with John Ross to Franklin. John Hill testified that he carried the pistol to his home and appellant afterwards came to his house and got it. This is certainly positive evidence that appellant had the pistol on that occasion. In fact, he so testifies himself, but says he had let his brother have the pistol to have it fixed; that his brother had neglected to do so, and being over at his brother's that morning, he was carrying the pistol back to his home; that it was unloaded; was broken, and would not shoot. It would be a question whether or not the jury would believe his explanation of his possession on this occasion, and apparently they did not do so. The other witnesses present did not notice that the pistol was broken in any particular. At appellant's request the court instructed the jury: "You are instructed that if you believe from the evidence that the defendant, Sing Davis, was carrying a pistol from his brother's home to his own home, at the time complained of, and that he was proceeding on his way home along a route a person would usually or ordinarily travel in going from the place or home of George Davis to defendant's home, you will acquit this defendant, and this, although you may believe from the evidence that the defendant while thus proceeding on his way home, he stopped by at Ross' place to assist in the managing of the wild horse." This presented the issue fairly and in language selected by appellant, therefore it was unnecessary to give the other special charges on that issue, requested by appellant.

Appellant also requested the court to instruct the jury: "I charge you as a part of the law in this case that if you believe from the evidence that the pistol was broken and it would not shoot, or that it was unloaded at the time named you will acquit the defendant." The court did not err in refusing to give this special charge, for it is not the law of this State, that if one carries an unloaded pistol he is guilty of no offense. He could very easily have cartridges in another pocket, and in a moment's time could convert it into a loaded one. Had the appellant requested the court to instruct the jury that if the pistol was broken, or so out of repair that it would not shoot and could not be fired, he should have done so. But this is a misdemeanor conviction, and we can only pass on such questions as are properly raised in the trial court. No exception was reserved to the court's charge because he did not so instruct the jury in his main charge, although another exception to the charge was reserved, and that is that the charge as given was contradictory in its terms. This is not a correct construction of the charge, but when read as a whole its meaning is clear and could not have misled the jury.

If appellant's contention, as made by his testimony alone, had been believed, of course he would not be guilty under the law, but the jury did not believe his explanation of his possession of the pistol, or as to

its condition, and we can not say, at this distance, they ought to have done so.

The judgment is affirmed.

———

*Affirmed.*