ASCENSION CHEMICAL OF TEXAS, Appellant,

v.

Ben Franklin WILSON, Appellee.

No. A2943–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 13, 1983.
Rehearing Denied Feb. 24, 1983.

G. Riley Hetherington, Shults & Hetherington, Houston, for appellant.

Ernest H. Cannon & Associates, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and ROBERTSON, JJ.

ROBERTSON, Justice.

This is an appeal from a judgment awarding damages in an action for personal injuries. Appellant contends a fatal conflict existed in answers to special issues; the judgment did not conform to the verdict of the jury; there was jury misconduct and error was committed in admitting certain evidence at trial. We affirm.

In the first point of error, appellant contends the trial court erred in overruling its motion for new trial because of a fatal conflict between the jury's answer to two special issues. In his instructions to the jury, the court gave the usual definition of unavoidable accident. Special Issue No. 1 asked the jury to determine whose negligence proximately caused the accident, giving the option of finding for the plaintiff, the defendant, both or neither. The jury found "both." Special Issue No. 2, conditioned upon an answer of "both" to Special Issue No. 1, asked the jury to find the percentage of negligence attributable to each. The jury found 25% attributable to plaintiff and 25% attributable to defendant. Appellant, defendant in the trial court, requested a mistrial or, alternatively, that the verdict be received. The record shows an "in chambers conference" was held out of the presence of the court reporter. Subsequently, at the hearing on motion for judgment, it was made abundantly clear that appellant had objected to the court requiring the jury to further deliberate in order to make the answer to Special Issue No. 2 complete.

Appellant's argument, in both the trial court and on appeal, is that the jury's answers to Special Issue Nos. 1 and 2 are in fatal conflict. This is so, it is urged, because by its answer to Special Issue No. 1, the jury found that the incident was not an unavoidable accident, while the jury's answer to Special Issue No. 2, "clearly indicated that 50% of the incident in question was attributable negligence of no party to the action, namely, unavoidable accident." We do not agree. In order for jury answers to be in fatal conflict, the answer to one, standing alone, entitles the plaintiff to judgment; the answer to the other, standing alone, entitles the defendant to judgment. *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985 (1949). Applying this test to the answers of the jury in this case, it is clear there is no fatal conflict because neither of the answers entitled appellant to judgment. Rather, as we see it, this was merely a failure of the jury to make a complete answer to the second

special issue inquiring of the comparative negligence of each, a defensive issue. Although it would have been appropriate for the trial judge to send the jury back for further deliberation on the issue, we must examine the matter as it occurred at the time. The 10–2 verdict was returned and read at approximately 11:50 p.m. The trial judge twice asked the attorneys if either side had "any motions." Considerable discussions, both in open court and in chambers, were had between the judge and counsel for both sides lasting for approximately 40 minutes before the jury was finally discharged. Appellee moved that the verdict be received and entered; appellant moved for a mistrial or, alternatively, that the verdict be received. It also specifically objected to the court requiring the jury to further deliberate on the basis it would be coercing them to change their verdict. Given this setting, the trial judge, in effect, did what both sides desired—he received the verdict. By its action, appellant waived the right to complain of the incomplete answer to the comparative negligence issue and cannot now be heard to complain. *Lewis v. Texas Employers' Ins. Assn.*, 151 Tex. 95, 246 S.W.2d 599 (Tex.1952). Any other holding would permit a party to take an inconsistent position on appeal from the one it took in the trial court. Appellant's first point of error is overruled.

In its second point of error, appellant contends the court erred in entering a judgment which did not conform to the jury verdict. Based upon the answer to Special Issue No. 2, the court entered judgment for appellee for 75% of the found damages. Appellant argues, alternatively, (1) a take nothing judgment should have been entered because the finding (on Special Issue No. 2) constituted unavoidable accident, (2) its liability was limited to 25% of the amount of appellee's damages, and (3) under any set of circumstances appellee's recovery would be limited to 50% of all damages found by the jury. On the other hand, and by proper cross-point, appellee contends the trial court erred in failing to enter judgment for the full amount of the found damages, arguing

that the jury's answer to Special Issue No. 2 is incomplete; since comparative negligence is a defensive issue, appellant waived the right to have the damages apportioned on that basis, and therefore, the trial court should have disregarded the incompletely answered issue in entering judgment. We do not agree with either. First, our disposition of appellant's first point of error disposes of its argument concerning unavoidable accident. Second, appellant's additional arguments, along with appellee's counter-point argument are disposed of by the recent opinion of the Supreme Court in *Dabney v. Home Insurance Co.,* 643 S.W.2d 386 (Tex.1982). Applying the reasoning of the court in *Dabney* to the facts before us, since the negligence of appellant is not less than appellee's, it is liable for all the found damages diminished by the 25% contributory negligence of appellee. Appellant's second point of error and appellee's cross-point are both overruled.

■ In its third point of error, appellant contends the trial court erred in denying its motion for new trial because of jury misconduct. It argues: first, the jury improperly considered liability insurance coverage; second, the jury was racially prejudiced; and third, based upon both of the above, jury misconduct was conclusively established. While it was shown on motion for new trial that during deliberation of the jury there was some question of whether appellant had insurance coverage, the most that can be said is that it was casually mentioned and was not the subject of extended discussion. In this state of the record there was no material misconduct requiring the granting of a new trial. *Strange v. Treasure City,* 608 S.W.2d 604 (Tex.1980). We further point out, however, that the testimony concerning insurance coverage was elicited by appellant's counsel during the trial of the case, and we cannot say the discussion thereof was not invited by appellant.

■ As to appellant's contention concerning racial prejudice, one juror testified on motion for new trial of overhearing another juror refer to one of appellant's wit-

nesses in an unacceptable manner. This record does not show racial prejudice played any part in the jury deliberations. Therefore, we do not regard this isolated occurrence as jury misconduct. What we have said regarding each of the above allegations of jury misconduct disposes of appellant's contention of cumulative error. Whether standing alone or taken together, the grounds simply do not amount to such misconduct as warrants a new trial. *Lewis v. Yaggi,* 584 S.W.2d 487 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.); *Sims v. McKnight,* 420 S.W.2d 173 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n.r.e.). Appellant's third point is overruled.

■ In its fourth point of error, appellant contends the trial court erred in admitting evidence of the presence of propane on its premises. While the sufficiency of appellant's objection to this evidence is questionable, we will address the issue. Appellee's pleadings contained only general allegations of negligence concerning the failure of appellant to warn of dangers existing on the premises. Appellant did not contest the sufficiency of the pleadings. Accordingly, appellee was not limited in the proof he was entitled to offer on the issue of negligence. *See Mobil Chemical Co. v. Bell,* 517 S.W.2d 245 (Tex.1974). Appellant's fourth point is overruled.

■ Finally, appellant's fifth point alleges error by the court in not striking the trial setting or, alternatively, granting his motion for continuance. A local rule of the court provided for a 30 day notice of trial setting to opposing counsel. The record shows only 21 or 22 days notice of the trial setting was given to appellant. On the day the case was called, appellant orally moved to strike the setting and for a continuance. It failed to point out to the court the deficient notice. After the court overruled the motion, the jury was selected and instructed to return the following morning for the beginning of trial. It was only at that time appellant made known to the court the basis of its motion to strike the setting. Appellant had waived the 30 day notice requirement by not presenting the matter to

the court until after jury selection had been completed. Interestingly, the trial judge observed that had he known the day before of the failure to comply with the required notice, he would have granted appellant's motion. Obviously, no abuse of discretion is shown.

■ Concerning appellant's motion for continuance, the lawsuit had been pending in excess of one year. Following the filing of an answer, there was no activity by appellant for approximately nine months when it "noticed" appellee's deposition. Appellant failed to timely file a motion for continuance but orally presented same on the day of trial alleging that the pleadings were not in order because certain necessary parties had not been joined, that it had not had a chance to depose witnesses, that it had not had a chance to obtain all of plaintiff's medical records and have him examined by a doctor and that it had not had time to determine whether any other matters of discovery might be necessitated. With permission of the court, the motion was reduced to writing and presented the following day. If appellant was not in fact ready for trial, it should have shown more diligence. The record shows this was the only case remaining on the court's docket; a jury panel was present for jury selection, and the trial court was understandably reluctant to excuse it. At the same time, the court was hesitant to force appellant to trial. With ever increasing court costs and delay in the administration of justice, we recognize the wide discretion the trial judge must be given in managing his docket. We find no abuse of discretion in the action of the trial court in overruling appellant's motion for continuance, and, accordingly, appellant's fifth point is overruled.

The judgment is affirmed.