Doug WATSON, Appellant,

v.

Lester GRISSOM, Appellee.

No. 08–83–00287–CV.

Court of Appeals of Texas,
El Paso.

Sept. 12, 1984.

Rehearing Denied Oct. 10, 1984.

Adrian M. Burk, Houston, for appellant.

Steven L. Clack, Andrews, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

WARD, Justice.

The Defendant, Doug Watson, appeals a grant of a post answer default judgment entered in favor of the Plaintiff Lester Grissom. The appeal is based on the trial court's failure to grant the Defendant's timely filed motion for new trial. We conclude that the failure to reasonably notify the Defendant of the setting of the case for trial compels us to reverse and remand.

This is a personal injury suit. The original petition was filed on August 6, 1982. An original answer was filed by attorney Louis Sandbote of Dallas on September 20, 1982, Sandbote having been hired by the Defendant's insurance carrier. The original answer was signed by Sandbote and properly included his Dallas office address, telephone number and bar number. This answer was mailed to the District Clerk of Ector County together with a transmittal letter on the stationary of the Odessa law firm of Brannan & Stevens, P.C. This transmittal letter was nevertheless signed by Sandbote and not by some member of the Odessa law firm. The letter requested that the district clerk date-stamp a copy of the letter upon filing the answer and return the copy in an enclosed, stamped envelope bearing Sandbote's Dallas address. The court's civil docket sheet listed Sandbote as attorney of record and included his Dallas office address. Brannan and Stevens, P.C. are not shown on any instrument in the clerk's file as being attorneys for the Defendant, although the transmittal letter was in the file.

In January, 1983, the district clerk prepared and dispatched to interested parties and attorneys the schedule of civil settings for the ensuing six months. At the new trial hearing, the district clerk and court

coordinator testified that setting lists are either picked up by the attorneys or mailed to them by the clerk's office. Ector County attorneys receive the entire schedule. Out-of-county attorneys receive only listings in which they are involved. Notice is not sent to the parties themselves, but to their attorneys. The testimony further disclosed that the district clerk determines what attorney to notify by the records in each case and not by the letterheads of documents on file.

In January, 1983, the trial of this case was set for the week of May 16, 1983, and in January, notice was sent by mail of this setting of this case to the offices of Brannan & Stevens. On the setting sheet kept in the clerk's office, the listing of Sandbote as attorney of record was annotated by hand by the court coordinator to read "w/Brannan & Stevens." This annotation and the mailing of the notice to Brannan and Stevens was due solely to the letterhead of the transmittal letter accompanying the original answer. The Defendant Doug Watson resided in Odessa and his address was set forth in the Plaintiff's original petition. Both Defendant and Sandbote filed affidavits in support of the motion for new trial that neither of them ever received any notice of the setting.

On February 11, 1983, upon motion by Sandbote, the court permitted Sandbote leave to withdraw as counsel of record. Sandbote advised the insurance carrier of his withdrawal, but neither he nor the insurance carrier advised the insured Defendant of such action.

The case was called on May 16, and the Defendant failed to appear. Plaintiff's evidence was heard and judgment in favor of the Plaintiff in the amount of $155,000.00 was entered on May 20. The Defendant was notified of the default judgment and immediately contacted Sandbote, who, on June 10, filed a motion for new trial. This motion for new trial set up the lack of notice, set out that the failure of the Defendant to appear for trial was not intentional or a result of conscious indifference on his part but was due to a mistake or an accident, set out facts constituting a defense to the cause of action asserted by the Plaintiff and offered to reimburse the Plaintiff for any reasonable costs incurred by the Plaintiff as a result of the judgment entered against the Defendant on May 20, 1983. The motion was supported by affidavits setting up the facts alleged and particularly those facts supporting meritorious defense.

The motion for new trial was heard on July 8, and after testimony was heard, the same was overruled. The trial judge in his order made the following findings:

(1) The Original Answer for Defendant Doug Watson was mailed to the District Clerk of Ector County, Texas and a letterhead piece of paper from the Odessa Law Firm, Brannan & Stevens was used as a letter of transmittal;

(2) Docket Settings for the following six (6) months were mailed to all attorneys of record on January 18, 1983, with most local Odessa attorneys picking their copies of the Docket Settings up in person;

(3) The District Clerk, Jackie Sue Barnes, and Sandra S. Jones, District Court Coordinator, both testified that a copy of the Docket Settings had been mailed to the Odessa Law Firm, Brannan & Stevens, on behalf of Louis Sandbote;

(4) Although Jackie Sue Barnes and Sandra S. Jones both testified that they customarily sent notice of the Docket Settings to the attorneys of record, those who signed the pleadings, and never to a letterhead address, that in this case, they did send it to Brannan & Stevens, instead of Mr. Louis Sandbote, attorney of record for Defendant Doug Watson;

(5) That since Brannan & Steven's letterhead paper had been used as a letter of transmittal for the Original Answer, then Brannan & Stevens were the agents of Attorney Sandbote, and that therefore Sandbote had received notice of the trial setting of this case

before he withdrew as attorney of record for Defendant Doug Watson on February 11, 1983;

(6) That it was reasonable for the District Clerk and the District Court Coordinator to send the Docket Setting notice to the letterhead address of the local Odessa Law Firm, Brannan & Stevens, although neither Brannan nor Stevens appear as an attorney of record in this case;

(7) That neither Defendant Doug Watson nor his liability insurance carrier, took any affirmative action to protect Defendant Doug Watson or to notify this Court of any substitution of attorneys prior to the date of Judgment.

The parties are in agreement that the Defendant was compelled to meet the requirements set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). The Supreme Court has held that the requisites for granting a motion to set aside a trial court's default judgment also apply to a post-answer default judgment. *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966). The rule as originally stated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939) was as follows:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

In this case, the only controversy between the parties regarding the right of the Defendant to a new trial was whether the Defendant's failure to appear was intentional or a result of conscious indifference. ■ Under the Defendant's points, we are immediately confronted with the effect of the procedural requirements of Rule

245, Tex.R.Civ.P. (Vernon Supp.1984). It provides that the court may set contested cases for trial on motion of any party, or on the court's own motion, with reasonable notice of not less than ten days to the parties. This is mandatory. Further, the right of a party to be heard in a contested case is fundamental and failure to give adequate notice of a trial setting constitutes lack of due process. *R. Wright Armstrong v. Manzo*, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *P. Bosco and Sons Contracting Corporation v. Conley, Lott, Nichols Machinery Company*, 629 S.W.2d 142 (Tex.App.—Dallas 1982, writ ref'd n.r.e.); *Read v. Gee*, 551 S.W.2d 496 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.) at 561 S.W.2d 777 (Tex.1977, per curiam); *Morris v. Morris*, 554 S.W.2d 792 (Tex.Civ.App.—San Antonio 1977, no writ). We conclude from a review of the record that there was no compliance with the notice provision of Rule 245.

■ The statements that Brannan and Stevens were the agents of the Defendant's attorney Sandbote find no support in the evidence. Proof of agency requires more than a mere letterhead. There is simply no evidence in this case that the principal or the attorney of record appointed Brannan and Stevens as their agent. The court's docket sheet, the original setting sheets, the body of the transmittal letter and the original answer all reflect that Sandbote was the sole attorney of record in the case at the time the only notice of setting was given. Rule 10, Tex.R.Civ.P. (Vernon 1979), defines attorney of record as "one who has appeared in the case as evidenced by his name subscribed to the pleadings."

■ In February, Sandbote withdrew as attorney of record in the case with the permission of the trial court. The fact that the insurance carrier did not appoint or hire another attorney until the date of the default judgment does not affect our conclusion. There simply was no notice given to the Defendant or to his attorney of record at any time. Fault attributable to the Defendant or to his carrier never came into

play. Rule 245 was passed to repeal the harshness of the decision made in *Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633, 634 (Tex.1974), which held that: "parties over whom the court has properly obtained jurisdiction are expected to keep themselves informed of the time a case is set for trial and are not entitled to notice of the trial other than the setting of the case on the docket." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181 (Tex.1978). The requirements made in *Craddock v. Sunshine Bus Lines, Inc.*, were followed in the motion for new trial proceedings. The allegation and proof of no notice satisfies the requirement that the failure to appear was not intentional or the result of conscious indifference on the part of the movant for a new trial.

The defendant's three points of error are sustained and the judgment of the trial court is reversed and the cause is remanded for a new trial.