Danny **CHRISTOPHER**, a/k/a Bilal Bashir Ahmed, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 12–89–00131–CR.

Court of Appeals of Texas, Tyler.

July 31, 1991.

Discretionary Review Refused Oct. 16, 1991.

Clyde Howard, Nacogdoches, for appellant.

Howard Whitworth, Asst. Dist. Atty., Nacogdoches, for appellee.

RAMEY, Chief Justice.

Appellant was convicted by a jury of unlawfully carrying a handgun on premises licensed to sell and serve alcoholic beverages, in violation of TEX.PENAL CODE ANN. § 46.02 (Vernon 1989). Punishment was assessed at five years in prison, imposition of sentence was suspended and appellant was placed on probation for a period of five years. We will affirm.

Appellant presents eight points of error. By his first point, appellant asserts that the trial court erred in not granting his motion to discharge his court-appointed attorney which ruling deprived appellant of his right to effective assistance of counsel guaranteed by the U.S. CONST. amends. VI and XIV and TEX. CONST. art. I, § 10.

Both appellant and his counsel filed motions seeking the counsel's removal from the case. Each was denied. These motions claimed that the appointed lawyer was repugnant to appellant and that their relationship was one of disharmony and conflict, thereby inhibiting communication between them; appellant contends that the disadvantages of *pro se* representation should have been explained to him by the court, and that he should have been permitted to represent himself, if he then chose to do so. He did, however, make no request at trial to represent himself.

A claim of ineffective assistance of counsel has two components. First, appellant must show that the counsel's performance in representing him was deficient. Second, the appellant must affirmatively show that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex.Cr.App. 1986). The Court of Criminal Appeals has explained the second prong as follows: Is there "a reasonable probability that the result of the trial would have been different absent the deficient conduct." *Washington v. State*, 771 S.W.2d 537, 545 (Tex. Cr.App.1989), *cert. denied*, 492 U.S. 912, 109 S.Ct. 3229, 106 L.Ed.2d 578 (1989).

Appellant's claim of ineffective assistance of counsel has no support in the record. Appellant's first point of error is overruled.

Christopher, by his second point of error, contends that the evidence was insufficient to prove that the premises identified in the indictment were licensed to sell and serve alcoholic beverages. In reviewing the sufficiency of the evidence in a criminal case, the proper standard to be exercised by the court is whether, after examining the evidence in the light most favorable to the prosecution, any rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Cr.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).

■ The Private Club Registration Permit, N–194204 (State's exhibit # 1), herein was issued to "Connection 225 Club". The indictment recites however, that "The Connection Club" was the licensed premises. Don Beck, the club's owner, testified that his establishment was known by both names. Where there are two different names for the same establishment, there is no fatal variance if there is no evidence that the variance misled or otherwise prejudiced the defendant in the preparation of his defense. *Huffman v. State,* 726 S.W.2d 155, 158 (Tex.Cr.App.1987). Here, there was no evidence that the appellant was prejudiced or misled by the claimed variance.

■ Appellant's primary argument on this point is predicated upon inconsistent testimony as to the *address* of the club. The club is situated approximately one-half mile outside the city limits of Nacogdoches in Nacogdoches County. The address on the beverage permit is "3926 Durst Nacogdoches". According to Beck, "some people" believe that Durst Street has been renamed beyond the Nacogdoches city limits; it then is referred to as "Farm Road 225" by these individuals. Beck testified that "Farm Road 225, Nacogdoches" is the address that he uses for the club. The post office has designated the club's mailbox address to be "Route 14, Box 3380, Nacogdoches".

The indictment in this case, however, recites only that the club is located *in Nacogdoches County,* about which there is no dispute. Thus, any rational trier of fact could have found beyond a reasonable doubt that there was no variance between the club's Nacogdoches County address in the indictment and the various testimony as to other addresses of the club. Appellant's second point of error is overruled.

Appellant's third point of error asserts that the evidence is insufficient to sustain his conviction of unlawfully carrying a firearm, because the State failed to prove that the gun was functional inasmuch as it was *unloaded* at the time charged in the indictment.

■ The fact that the gun was unloaded is not a defense. The violation charged is that of *carrying a handgun. See Davis v. State,* 77 Tex.Crim. 598, 179 S.W. 702, 703 (1915); *Steele v. State,* 73 Tex.Crim. 352, 166 S.W. 511 (1914); *Caldwell v. State,* 106 S.W. 343, 344 (Tex.Crim.1907). A rational trier of fact could have found beyond a reasonable doubt that appellant was carrying a firearm on the occasion in question. The third point of error is overruled.

Appellant, by his fourth point of error, claims that the trial court abused its discretion in not trying this case as a misdemeanor rather than a felony as authorized by Texas Penal Code Ann. § 12.44(b) (Vernon 1974), for the reason that the prosecuting attorney had offered to do so.

■ Twice, prior to trial, the prosecutor offered to dispose of this offense as a misdemeanor, if the appellant would agree to plead guilty to the misdemeanor charge. On both occasions appellant refused to accept the State's offer. Thereafter, the appellant was tried on the felony indictment and convicted.

Neither the State nor the court were bound by the terms of an offer that was never accepted. There was no abuse of discretion by the court. His fourth point of error is overruled.

Appellant's fifth point of error asserts that the guilty verdict was in irreconcilable conflict with a jury finding in the punishment verdict that appellant neither "used or exhibited" a deadly weapon during the commission of the offense for which he was convicted. We disagree.

■ Appellant was convicted of "*carrying* on or about his person a firearm...." Appellant could have carried the handgun on or about his person *without using or exhibiting* it. There is no conflict in the

portions of the verdicts about which appellant complains. The two cases cited by appellant are inapposite. *Little Rock Furniture Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985 (1949); *Ascension Chemical of Texas v. Wilson*, 650 S.W.2d 104 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Appellant's fifth point of error is overruled.

By his sixth point of error, appellant contends that the court should not have received the handgun into evidence over appellant's objection, because it was not the same weapon that was taken from him on the night of the offense. The exhibit admitted at trial was a .32 caliber revolver. Appellant contends that the evidence showed that a .38 was taken from him.

The State's evidence bag containing the .32 caliber pistol was introduced but a tag attached to it bore the notation "H & R *.38* cal Revolver". It is undisputed in the record that the gun taken from appellant was a .32 caliber revolver. Officer Steve Christian, a witness to an altercation between the appellant and a third party, identified the pistol offered in evidence at trial as the pistol that he secured from appellant when it fell to the floor during the fight. Despite the misdescription of the caliber of the revolver on the tag attached to the evidence bag, the serial number on that tag and the serial number on the revolver introduced at the trial were the same.

The actual chain of custody of the pistol was not disputed, only the description of the handgun on the evidence tag when compared to the weapon in evidence. Barring any evidence of tampering with the exhibit, a mistake in the identification of the handgun at some point in its chain of custody goes to the weight to be given the evidence, not its admissibility. *Bird v. State*, 692 S.W.2d 65, 69–70 (Tex. Cr.App.1985), *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986); *Binyon v. State*, 545 S.W.2d 448, 452 (Tex.Cr. App.1976). There was no claim of tampering. Appellant's sixth point of error is overruled.

In his seventh point of error, appellant contends the court erred in refusing him access to the offense report prepared in the Sheriff's office by Deputy Sheriff Larry Christian; appellant sought to use the report in cross-examining City Policeman/witness Steve Christian. Steve, Larry's brother, was the witness of the fracas who originally secured possession of the handgun.

Appellant claims the right to the report under the judicially created *Gaskin* rule which states: When a witness has made a written report or given a statement prior to testifying, the other side may inspect and use it for cross-examination and impeachment purposes upon timely motion. *Gaskin v. State*, 172 Tex.Crim. 7, 353 S.W.2d 467, 469 (1961). Here, witness Steve Christian acknowledged that he did discuss the incident with his brother, Larry, who was the investigating officer. He thought, although he was not certain, that his comments were a part of his brother's offense report, and, if so, he "adopted" it. The trial court thereupon denied appellant's motion to have access to Larry's report predicated upon Steve's testimony that he had discussed the occurrence with Larry.

Deputy Sheriff Larry Christian was called as the State's next witness. After appellant's similar motion for access to the offense report, which Larry acknowledged to be his report, the court ordered the State to produce the report. Appellant cross-examined Larry Christian from the report, and the report was admitted as an exhibit into the record. Thus, the complaining party had the report to cross-examine one witness, but did not seek to re-call the prior witness, Steve Christian, for further examination, although the record shows that the court had excused that witness when he had completed his testimony.

This Court has previously considered this precise point wherein a peace officer/witness testified that he gave some *input* into the offense report, as in the instant case, but he was not the report's author; these facts did not satisfy the first *Gaskin* requirement, that the witness must have written the report or statement sought by the moving party. *Epperson v.*

*State,* 650 S.W.2d 110, 113 (Tex.App.—Tyler 1983, no pet.). The *Gaskin* rule requirement that the requested statement must have been written by the witness has recently been somewhat expanded to include tape-recorded statements by the non-author witness and transcripts made therefrom. *Cullen v. State,* 719 S.W.2d 195, 198 (Tex.Cr.App.1986). This judicially created rule has not been enlarged to embrace a fact situation in which the witness' only contribution to the report were some unrecorded oral comments. Appellant's seventh point is overruled.

In his eighth point of error, appellant asserts that if no *one* of the errors assigned would require a reversal, the cumulative effect of *two or more* of the points has denied him a fair trial and should necessitate reversal. The Court of Criminal Appeals has held that this assignment is not a proper ground of error and presents nothing for review. *Hollis v. State,* 509 S.W.2d 372, 375 (Tex.Cr.App. 1974). The eighth point of error is overruled.

The judgment is affirmed.