Beal v. All American 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-90-105-CV





KEVIN BEAL,



 APPELLANT


vs.





ALL AMERICAN GLASS DISTRIBUTORS, INC.,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY 



NO. 189,808, HONORABLE J. DAVID PHILLIPS, JUDGE



 




 This is a suit on a sworn account. The court rendered
judgment against the defendant, Kevin Beal, for $13,487.28 on the
unpaid account, $4,300 for attorney's fees, plus interest and
costs. Beal, who appeared pro se at the trial, thereafter obtained
an attorney and filed a motion for new trial. The trial court
denied the motion and Beal brings this appeal. We will affirm the
trial court's judgment.



BACKGROUND


 All American Glass Distributors, Inc. ("All American")
sued Kevin Beal d/b/a/ "A Glass Touch" in his individual capacity
on a sworn account for unpaid auto-glass invoices. (1) Without hiring 
an attorney, Beal filed an unverified answer denying liability in
his individual capacity for the debts of the corporation, A Glass
Touch Corp. All American mailed notice of the trial setting to
Beal on December 21, 1989. The certified-mail receipt showed that
Beal received the notice on December 26, 1989. On January 4, 1990,
nine days after receiving notice, Beal appeared pro se and
announced ready at trial. Beal asked the court for additional time
to retain counsel when it became clear that he could not assert his
capacity defense because of his failure to file a verified denial. 
See Tex. R. Civ. P. Ann. 93(2) (Supp. 1991) (an answer stating that
the defendant is not liable in the capacity in which he or she has
been sued must be verified by an affidavit). The court denied
appellant's request for a continuance and, after hearing evidence,
rendered judgment against Beal.

 Beal then obtained counsel and timely filed a motion for
new trial on two grounds: (1) he did not receive ten days' notice
of the trial setting as required by Tex. R. Civ. P. Ann. 245
(1989); and (2) the court erred in awarding attorney's fees because
All American had failed to establish that demand was made on Beal
thirty days before the judgment. After hearing evidence the court
denied Beal's motion.



INADEQUATE NOTICE OF TRIAL SETTING


 The trial court enjoys broad discretion in ruling on a
motion for new trial. Champion Int'l. Corp. v. Twelfth Court of
Appeals, 762 S.W.2d 898, 899 (Tex. 1988). We will not disturb the
ruling unless we determine that the court abused its discretion by
reaching a decision "so arbitrary and unreasonable as to amount to
a clear and prejudicial error of law." Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985).

 At the hearing on the motion for new trial Beal
complained that he had not received ten days' notice of the trial
setting as required by Tex. R. Civ. P. Ann. 245 (1989) [now amended
to require 45 days' notice (Supp. 1991)]. His first point of error
on appeal asserts that the court erred in denying his motion on
this ground. Beal testified that he received the notice on
December 26, 1989, but left town for a week without contacting an
attorney regarding the January 4, 1990, trial setting. Beal
testified that he believed All American had sued him in the wrong
capacity and that he therefore chose not to obtain a lawyer for the
trial. He did not attempt to submit a motion for continuance or a
motion to strike the trial setting due to inadequate notice. After
arriving late to the trial on January 4, 1990, he announced ready. 
When asked why he did not raise the notice issue at trial, Beal
testified, "I don't know the law. I am not an attorney." 

 A litigant has the right to proceed in a civil case
without hiring an attorney. Ex parte Shaffer, 649 S.W.2d 300, 302 
(Tex. 1983). But, the pro se litigant will be held to the same
standard as a licensed attorney. Bailey v. Rogers, 631 S.W.2d 784,
786 (Tex. App. 1982, no writ). 

 A party's right to be heard is fundamental and failure to
give adequate notice of a trial setting may constitute lack of due
process. See R. Wright Armstrong v. Manzo, 380 U.S. 545, 550-52
(1965). When Beal announced ready and failed to inform the court
of the inadequate notice, however, the trial court could reasonably
conclude that Beal had received adequate notice of the trial
setting or had waived any complaint regarding notice. Moreover,
Beal was not denied an opportunity to be heard. He presented his
case and cross-examined All American's witness. 

 Although few cases address the issue of inadequate notice
of a trial setting, one court has held that the defendant waives
any complaint regarding inadequate notice by failing to raise the
issue timely. Ascension Chem. v. Wilson, 650 S.W.2d 104, 107 (Tex.
App. 1983, writ ref'd n.r.e.). Immediately after that case was
called the defendant vocally moved to strike the setting and obtain
a continuance, without stating any basis for the motion. The court
overruled the motion and proceeded with jury selection. The
defendant then asserted inadequate-notice. The reviewing court
held that the trial court did not abuse its discretion in denying
the motion for continuance because the defendant had waived the
notice requirement by not timely presenting the matter. Id. at
107-08.

 The cases upon which Beal relies in this appeal involve
default judgments. See Watson v. Grissom, 675 S.W.2d 813 (Tex.
App.), reversed, 704 S.W.2d 325 (1984); P. Bosco & Sons Contracting
Corp. v. Conley, Lott, Nichols Machinery Co., 629 S.W.2d 142 (Tex.
App. 1982, writ ref'd n.r.e.); Morris v. Morris, 554 S.W.2d 792
(Tex. Civ. App. 1977, no writ). In each instance, as a result of
inadequate notice, parties did not appear at the trial and had no
opportunity to be heard. We conclude that they do not control the
disposition of this case in which Beal appeared and announced
ready.

 Beal also invites our attention to Read v. Gee, 551
S.W.2d 496 (Tex. Civ. App. 1977, writ ref'd n.r.e.). In that case
the trial court conducted a hearing and issued an order even though
some of the parties had only twenty-four hours oral notice of the
hearing. According to the record, the parties raised the
inadequate notice issue before the court heard the evidence. The
appellate court reversed and remanded the cause because the trial
court failed to comply with the provisions of rule 245. Id. at
500. Had Beal raised the notice issue at trial, the court may have
abused its discretion by not granting a timely motion to strike the
setting or a timely motion for continuance. 

 Beal chose to appear pro se and failed to raise the
notice issue in a timely fashion. Pro se litigants must comply
with the applicable laws and rules of procedure. Mansfield State
Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978). Because we conclude
that the trial court did not abuse its discretion in denying the
motion for new trial, we overrule the first point of error.



PROCEDURE FOR RECOVERY OF ATTORNEY'S FEES


 In his second point of error Beal complains that the
trial court erred in denying the motion for new trial because he
had established that All American failed to present its claim in
the manner required for recovery of attorney's fees. See Tex. Civ.
Prac. & Rem. Code Ann. § 38.002 (1986). No particular form of
presentment is required to satisfy section 38.002. Jones v.
Kelley, 614 S.W.2d 95, 100 (Tex. 1981). The presentment must
simply inform the defendant of the claim and give the defendant an
opportunity to avoid liability for attorney's fees by paying the
claim within thirty days. Id. We must liberally construe the
statute to promote this purpose. Tex. Civ. Prac. & Rem. Code Ann.
§ 38.005 (1986).

 At trial, All American presented evidence that on
November 13, 1989, it mailed a certified letter to the business
address of "A Glass Touch," demanding payment in full on the past-
due accounts. The certified-mail receipt showed that Nancy Beal,
appellant's wife, received the demand letter at the business
address on November 14, 1989. Mr. Beal argued that he personally
never saw the demand letter and that Nancy Beal was not an agent or
principal of the business. Kevin and Nancy Beal were engaged in
divorce proceedings at the time the demand letter was sent. Kevin
testified that Nancy had violated temporary orders in the divorce
proceeding by signing the certified-mail receipt for the demand
letter without showing it to him. But the orders introduced at the
hearing directed Nancy Beal not to open Kevin Beal's personal mail
and did not mention business correspondence. Nonetheless, he
argues that he never received the demand letter, and therefore All
American failed to meet the requirements of section 38.002.

 All American's bookkeeper testified that she had received
checks signed by Nancy Beal in payment for purchases by "A Glass
Touch." Beal did not show that he had informed All American that
Nancy Beal was no longer an authorized agent of "A Glass Touch" or
that business correspondence should not be mailed to the business
address.

 In a non-jury case, the trial court must determine the
witnesses' credibility and weigh their testimony. Nelson v.
Jordan, 663 S.W.2d 82, 86 (Tex. App. 1983, writ ref'd n.r.e.). The
court could reasonably conclude that All American had properly
presented its claim by mailing the demand letter to the business
address of "A Glass Touch." 

 The record contains additional evidence that All American
had presented its claim at least thirty days before the judgment. 
All American introduced copies of 108 invoices representing the
unpaid claim. All American mailed these invoices to "A Glass
Touch" in July, August and September of 1989, several months before
the judgment. Invoices constitute sufficient presentation of a
claim for the purpose of obtaining attorney's fees. See, e.g.,
Adams v. Petrade Int'l, 754 S.W.2d 696, 719 (Tex. App. 1988, writ
denied); Roylex Inc. v. Avco Community Developers, Inc., 559 S.W.2d
833, 838 (Tex. Civ. App. 1977, no writ). 

 At the trial, All American's bookkeeper testified that
she vocally requested payment on the claim from Mr. Beal. She also
testified that she was not sure if she made those requests before
November 1989. Her vocal demand would have been effective if it
was made before December 5th, 1989, thirty days before the
judgment. Again we must defer to the trial court in weighing the
testimony. If the trial court chose to believe it, her testimony
would be sufficient evidence of a presentation of the claim. See
King Optical v. Auto Data Processing of Dallas, Inc., 542 S.W.2d
213, 217 (Tex. Civ. App. 1976, writ ref'd n.r.e.).

 We hold that the court did not abuse its discretion when
it denied Beal's motion for new trial on the second ground. See
Johnson, 700 S.W.2d at 917. We overrule the second point of error
and affirm the trial court's judgment.



 

 Bea Ann Smith, Justice

[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed: August 14, 1991

[Do Not Publish]
1. Beal operated the business, "A Glass Touch," as a sole
proprietorship from 1986 until December 1987. Beal testified that
in January 1988, Glass Touch Corp. filed articles of incorporation
and began doing business as "A Glass Touch." He stated that it was
common knowledge that "A Glass Touch" had incorporated. All
American's representatives testified that they never received
notice of the change and presented evidence of a check dated
September 19, 1989, from "A Glass Touch" with no indication of its
corporate status.